ALMON, Justice.
The defendants, three Jefferson County municipalities, enacted business license ordinances imposing a tax on the privilege of engaging in the rental of real or personal property. This tax is imposed on all persons engaged in the business of renting real estate, i. e., those persons receiving, in any one quarter, gross rentals in excess of One Thousand Five Hundred Dollars ($1,500).
Plaintiffs filed these actions, in the Circuit Court of Jefferson County, seeking to represent a class composed of all persons, companies or corporations engaged in renting or leasing real or personal property to others. They challenged the constitutionality of these municipal ordinances as violating § 211 and § 217 of the Alabama Constitution of 1901.
The Circuit Court granted the municipalities’ motion for summary judgment. On the same date the court entered final judgments for the defendants in each of the three cases. The plaintiffs bring these appeals. We affirm.
The authority of municipalities in the State of Alabama to enact ordinances levying privilege and license taxes is pursuant to § 11-51-90, Code of 1975, which states:
(a) All municipalities shall have the power:
(1) To license any exhibition, trade, business, vocation, occupation or profession not prohibited by the Constitution or laws of the state which may be engaged in or carried on in the city or town;
* # * * * *
(c) The power to license conferred by this decision may be used in the exercise of the police power as well as for the purpose of raising revenue, or both.
Thus, the ordinances in question are valid unless prohibited by the Constitution of the State of Alabama.
Sections 211 and 217 of the Alabama Constitution of 1901 are as follows:
Sec. 211. Property taxes to be assessed in exact proportion to value of property.
All taxes levied on property in this state shall be assessed in exact proportion to the value of such property, but no tax shall be assessed upon any debt for rent or hire of real or personal property, while owned by the landlord or hirer during the current year of such rental or hire, if such real or personal property be assessed at its full value.
[Emphasis added.]
Sec. 217. Property of private corporations, association and individuals to be taxed at same rate; exception as to religious, educational and charitable property.
The property of private corporations, associations, and individuals of this state shall forever be taxed at the same rate; provided, this section shall not apply to institutions devoted exclusively to religious, educational, or charitable purposes.
Appellants contend that the ordinances are prohibited by these sections of the Constitution in that they are taxing a debt for rent or hire, violating § 211, and also constitute an ad valorem tax.
The basing of a franchise fee or privilege charge on gross receipts has been upheld by this Court as a valid exercise of municipal authority in Nachman v. State Tax Commission, 233 Ala. 628, 173 So. 25 (1937).
In Nachman, we stated:
This court more than seventy years ago committed itself to the proposition that a tax upon “the gross amount of sales mer *273 chandise” was not a tax upon the goods themselves, or fruits of sale, but upon the business or act of selling; that it was not a property or income tax, but an occupation or privilege tax, the amount being regulated by the extent to which the privilege has been enjoyed.
233 Ala. at 635, 173 So. at 31. See also Capita] City Water Co. v. Board of Revenue of Montgomery County, 117 Ala. 303, 23 So. 970 (1897); Republic Iron & Steel Co. v. State, 204 Ala. 469, 86 So. 65 (1920).
Considering the above cases we find that these ordinances, taxing gross rental receipts, are neither a direct tax on property nor an ad valorem tax, but rather a license or privilege charge to which § 211 of the Alabama Constitution of 1901 does not apply-
We also conclude that § 217 of the Alabama Constitution of 1901 relates only to direct taxes on property and not to an occupation or privilege tax. Frazier v. State Tax Commission, 234 Ala. 353, 175 So. 402 (1937).
The judgments are affirmed.
AFFIRMED.
All the Justices concur.