68564. SYNALLOY CORPORATION v. NEWTON et al.

DEEN, Presiding Judge.

Appellees, former employees of appellant Synalloy Corp., filed suit in tort alleging that (1) Synalloy negligently exposed them to beta-napthylamine (BNA), a chemical classified by The National Institute of Occupational Safety and Health as a likely carcinogen; (2) negligently failed to warn them of the dangers of exposure to BNA; (3) did nothing to protect them from exposure; and (4) concealed the dangers from them, which caused them physical and mental injuries. Appellees further alleged that they first learned of the relationship between BNA and their injuries in November of 1981. Synalloy moved for summary judgment on the ground that the trial court lacked jurisdiction to hear the action, since appellees' exclusive remedy as former employees was pursuant to the Workers' Compensation Act as provided by then Code Ann. § 114-803 (5), now OCGA § 34-9-280 (3) (F). This "catch-all" provision, which was enacted in 1971, lists five requirements to qualify as an unlisted occupational disease under the Act. The trial court determined that only three of these criteria were established as a matter of law and that questions of fact existed as to whether the diseases suffered by appellees met the other two statutory qualifications.

At the time this action was filed, the Workers' Compensation Act provided that claims for occupational diseases under the Act must be brought within one year of the last exposure to the chemical (former Code Ann. § 114-801), which the trial court noted would preclude the appellees from recovering workers' compensation benefits. The court concluded, however, that this statute of limitation should be read in conjunction with former Code Ann. § 114-803 (5) and considered as one of the criteria for coverage under that provision, it being the manifest intention of the legislature that diseases contracted during the scope of employment from which no disability occurred for several years be covered under former Code Ann. § 114-811 (now OCGA § 34-9-289), providing for common law rights under existing laws. The trial court further found that the relationship between employer and employee in regard to workers' compensation in Georgia is contractual in nature, and those employees who terminated their employ-

ment prior to the 1971 amendment had therefore not lost their common law remedy. For these stated reasons, the court denied appellant's motion for summary judgment. Certificate for immediate review was granted, as was the application to this court for interlocutory appeal.

Synalloy appeals the rulings of the trial court that a jury question exists as to whether the Workers' Compensation Act provides the exclusive remedy for those employees who worked after the enactment of the 1971 amendment to the occupational diseases provision or whether common law tort relief is available, and that the 1971 amendment does not cover those employees who terminated their employment before it took effect.

1. These are questions of first impression in a state appellate court, but we perceive from the statutory language a clear legislative intent in regard to coverage under the Workers' Compensation Act. The same issues were addressed by the federal district court in Hall v. Synalloy Corp., 540 FSupp. 263 (S. D. Ga. 1982), from which no appeal was taken. We find the conclusions reached there by Judge Alaimo, which were followed by the trial court here, to be judicially sound and eminently correct.

The amendment to Code Ann. § 114-803 enacted in 1971 (now OCGA § 34-9-280 (3) (f)) provides workers' compensation coverage to all unlisted occupational diseases which are shown to have been incurred under the following circumstances:

"(i) A direct causal connection between the conditions under which the work is performed and the disease;

"(ii) That the disease followed as a natural incident of exposure by reason of the employment;

"(iii) That the disease is not of a character to which the employee may have had substantial exposure outside of the employment;

"(iv) That the disease is not an ordinary disease of life to which the general public is exposed;

"(v) That the disease must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence."

With the passage of this statute, the common law right of action was replaced by coverage under the Workers' Compensation Act for all those persons whose diseases satisfied the five criteria quoted above. OCGA § 34-9-11; *Allied Chemical Corp. v. Peacock*, 151 Ga. App. 278 (259 SE2d 681) (1979). The appellant denied that two of the prescribed circumstances had been fulfilled, contending that there was no causal connection between appellees' exposure to BNA at its plant and the injuries allegedly suffered, and that the injuries were the result of acts or omissions of others. Thus a question of fact as to coverage existed and the trial court correctly denied summary judg-

ment as to those employees who worked for Synalloy after enactment of the 1971 amendment. "The cardinal rule in the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is an issue of fact. [Cit.] The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact and if the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. [Cit.]" *Jonesboro Tool & Die Corp. v. Ga. Power Co.*, 158 Ga. App. 755, 758 (282 SE2d 211) (1981).

2. The remaining issues present only questions of law in regard to application of the 1971 amendment. The appellant, citing *Allrid v. Emory Univ.*, 249 Ga. 35 (285 SE2d 521) (1982), contends that a cause of action does not accrue for purposes of the statute of limitation until discovery of the cause of injury, and that the prohibition against restrospective application of statutes (OCGA § 1-3-5) should not apply where the discovery of the cause of the injury is subsequent to the enactment of the legislation. The appellant also relies upon *King v. Seitzingers*, 160 Ga. App. 318, 320 (287 SE2d 252) (1981), where this court held that in a suit for personal injury due to on-the-job lead poisoning, the injury was a continuing tort for which the "cause of action did not accrue and the statute of limitation did not run against [the employee] until he knew or through the exercise of reasonable diligence should have discovered not only the nature of his injury but also the causal connection between the injury and the alleged negligent conduct of [the employer]." These rulings refer specifically to the accrual of a cause of action for purposes of the statute of limitation, not for the determination of what law applies, and thus do not dispose of the issue before us. See Hall v. Synalloy Corp., supra at 273.

It was early established in Georgia that the relationship between an employer and an employee under the Workers' Compensation Act "aris[es] out of a contract created by law and not out of any theory of tort . . ." *Williams Bros. Lumber Co. v. Meisel*, 85 Ga. App. 72, 74 (68 SE2d 384) (1951). Accord *Nowell v. Stone Mtn. Scenic R.*, 150 Ga. App. 325 (257 SE2d 344) (1979); Hall v. Synalloy Corp., 540 FSupp. 263, 271, supra. While a statute of limitation is remedial in nature and ordinarily can be applied retrospectively, the 1971 amendment to the occupational disease provision created a substantive right to medical benefits which did not exist before. We conclude that this provision is therefore subject to the prohibition against impairment of contracts, and is not applicable to those employed prior to the date of its enactment. See OCGA § 1-3-5; *Hart v. Owens-Ill.*, 250 Ga. 397 (297 SE2d 462) (1982); *Darby v. Cook*, 201 Ga. 309 (1) (39 SE2d 665)

(1946); *Atha v. Jackson Atlanta, Inc.*, 159 Ga. App. 433 (283 SE2d 654) (1981).

Those workers' compensation cases holding that the applicable law is the one in effect at the time the injury occurs, which under former Code Ann. § 114-801 was the date of the "happening" at which the employee became disabled, concern the amount of *compensation* rather than the question as to whether the employee is *covered* by the Act. See *U. S. Asbestos v. Hammock*, 140 Ga. App. 378 (6) (231 SE2d 792) (1976) (cert. den.); *London Guarantee &c. Co. v. Pittman*, 69 Ga. App. 146 (1) (25 SE2d 60) (1943). As noted by Judge Alaimo, "[b]oth *Hammock* and *Pittman* emphasize that the *amount of compensation* shall be determined by the law in effect when the disability is manifested. As stated, since the amount of compensation goes only to the extent of the remedy, laws governing compensation may be given retrospective effect. The issue in this case, however, is coverage; a question for which a law may not be given retrospective effect." Hall v. Synalloy Corp., supra at 272. In determining whether there is coverage under the Act, thereby precluding any common law cause of action, compensability is irrelevant.

Finding no answer to the problem confronting us in determining the time frame of the applicable law, we turn, as did the district court, to other jurisdictions. See, e.g., Frisbie v. Sunshine Mining Co., 457 P2d 408 (Idaho 1969); Biglioli v. Durotest Corp., 129 A2d 727 (N. J. Super. 1957); Cropley v. Alaska Juneau Gold Mining Co., 131 FSupp. 34 (D. Alaska 1955); McIntyre v. E. J. Lavino & Co., 25 A2d 163 (Pa. 1942); Hirst v. Chevrolet Muncie Div. of G. M. Corp., 33 NE2d 773 (Ind. App. 1941). See also Rogala v. John Deere Plow Co., 297 NYS2d 877 (N. Y. 1969), expressing the minority view that the date the employer-employee relationship is severed is irrelevant. These cases reveal that, as stated by Judge Alaimo, "it was necessary for the [majority of] courts to reconcile the use of the date of disability as determinative of the applicable law with the prohibition against the retrospective application of statutes . . . [and] was accomplished by focusing on the contractual nature of the employer-employee relationship under the [workers'] compensation acts. The courts merely implied from the continuation of that relationship subsequent to the effective date of the amendment, the acceptance of said amendment as part of the employment contract. Of course, where the employment relationship terminated prior to the effective date of the amendment, a different result would be warranted. Along these lines, certain general rules can be promulgated:

"1. Where exposure occurs before and after the effective date of the amendment, even where the injury allegedly caused by the exposure was apparent before the amendment although the causal connection between the injury and exposure was not, the amendment ap-

plies. In this situation, the employment relationship is necessarily still intact after the effective date of the amendment.

"2. Where the last exposure occurs before but not after the effective date of the amendment and the injury allegedly caused by the exposure was not manifest until after, if the employment relationship remains intact after the effective date of the amendment, the amendment applies (becoming a part of the contractual relationship).

"3. Where the last exposure occurs before but not after the effective date of the amendment and the injury allegedly caused by the exposure was not manifest until after, if the employment relationship ceases before the effective date of the amendment, the amendment does not apply (not becoming a part of the contractual relationship).

"One further rule that can be gleaned from the above cases concerns the distinction between compensability and coverage. While coverage is dependent on the law in effect during the employment relationship, the amount of compensation appears to be dependent on the law in effect at the time of disability. The distinction is important because the amount of compensation, being remedial in nature, can have a retrospective application. See [OCGA § 1-3-5]. Thus, such a rule of law, in contrast to a similar rule with respect to coverage, does not violate the prohibition against the retrospective application of the law. Accordingly, the applicable law with respect to coverage can differ from the applicable law with respect to compensation." Hall v. Synalloy Corp., supra at 270-271.

We thus agree, in applying these principles to this case, that OCGA § 34-9-280 (3) (F) does not cover those employees (appellees Newton and Williams) whose employment terminated prior to the effective date of the amendment and a common law action is not barred to them as a matter of law. There remains a question of fact for determination by a jury whether the action of appellee Samuels is barred by the remedy provided by OCGA § 34-9-280 (3) (F), subject to proof that his exposure to BNA falls within the definition of a covered occupational disease thereunder. Accordingly, the denial of appellant's motion for summary judgment was not erroneous for any reason asserted.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MAY 25, 1984 —
REHEARING DENIED JUNE 14, 1984 —

*William C. Reed, Duncan D. Wheale*, for appellant.
*Daniel J. Craig*, for appellees.