## 71099. EVANS v. BIBB COMPANY.
(342 SE2d 484)

SOGNIER, Judge.

Jerry Evans brought suit against The Bibb Company alleging in five counts numerous intentional and/or negligent acts committed by the company in relation to Evans' alleged discharge from employment. The trial court granted the company's motion for summary judgment and Evans appeals.

1. Appellant contends the trial court erred by granting appellee's motion for summary judgment on his wrongful discharge count because appellee's affidavits raise questions of fact whether appellee fired appellant (as contended by appellant) or whether appellant was placed by appellee under its long-term disability plan. On motion for summary judgment, the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. OCGA § 9-11-56; *Friddell v. Rawlins*, 160 Ga. App. 44, 45 (1) (285 SE2d 779) (1981). However, "[t]he summary judgment law does not require the defendant to show that no issue of fact remains, but rather [that] no *genuine* issue of material fact remains." (Emphasis in original.) *McCray v. Hunter*, 157 Ga. App. 509, 511 (277 SE2d 795) (1981). Here, no genuine issue of material fact is raised on the question of wrongful discharge because, even assuming appellant has been discharged, the evidence is uncontroverted that appellant was employed at will and not by contract. It has long been established in Georgia that an employee cannot bring an action against his employer for wrongful discharge from employment where he is an at will employee with no definite and certain contract of employment because the employer, with or without cause and regardless of its motives, may discharge the employee without liability. *Troy v. Interfinancial, Inc.*, 171 Ga. App. 763, 766 (1) (320 SE2d 872) (1984); OCGA § 34-7-1. Appellant argues he was wrongfully discharged for pursuing his rights under the Georgia Workers' Compensation Act, OCGA § 34-9-1 et seq. ("Act"), and urges this court to adopt a public policy exception to an employer's right to discharge an employee at will when the right is exercised in retaliation for the employee's assertion of his rights under the Act. See 32 ALR 4th 1221. Although many states have adopted such a policy, see inter alia *Frampton v. Central Ind. Gas Co.*, 297 NE2d 425 (SCt. Ind., 1973); *Clanton v. Cain-Sloan Co.*, 677 SW2d 441 (SCt. Tenn., 1984); contra *Kelly v. Miss. Valley Gas. Co.*, 397 S2d 874 (SCt. Miss., 1981); *Meeks v. Opp Cotton Mills*, 459 S2d 814 (SCt. Ala., 1984), Georgia courts have refused to acknowledge any exceptions not encompassed by OCGA § 34-7-1, see *Goodroe v. Ga. Power Co.*, 148 Ga. App. 193, 194 (1) (251 SE2d 51) (1978), and, in the absence of any express statutory provision for such a civil remedy in the Act, we decline appellant's

invitation to create judicially such a remedy. "Courts may interpret laws, but may not change them. [Cit.]" *City Council of Augusta v. Kennen*, 150 Ga. App. 844, 845-846 (258 SE2d 651) (1979). "These inadequacies in our existing law, however, if they be such, cannot be supplied by the courts, and may only be corrected by the General Assembly." *Davis v. Atlanta Gas Light Co.*, 82 Ga. App. 460, 467 (61 SE2d 510) (1950). Thus, the trial court properly granted summary judgment to appellee on appellant's claim of wrongful discharge.

However, in Count I of his complaint, appellant also alleges that pursuant to appellee's written employment rules appellant is entitled to termination pay. " 'To entitle [appellee] to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling [appellant] to recovery and *under every theory fairly drawn from the pleadings and evidence* [cits.] and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by [appellant.]' [Cit.]" (Emphasis in original.) *Waller v. Transworld Imports*, 155 Ga. App. 438, 439 (271 SE2d 1) (1980). A question of fact does remain whether appellee discharged appellant or if appellant is on long-term disability because appellant, if discharged, has asserted a claim for termination pay which has not been pierced by appellee on its motion for summary judgment. Therefore, the trial court erred by granting summary judgment to appellee on this narrow issue in Count I of appellant's complaint.

2. Appellant contends the trial court erred by granting summary judgment to appellee on those parts of his complaint asserting he has a cause of action against appellee for alleged intentional violations of Federal law and safety regulations regarding cotton dust levels in the air in textile mill operations which resulted in appellant contracting byssinosis. We find no merit in this contention. "Under Georgia law, the existence of workers' compensation coverage excludes all other remedies against the employer. [Cits.]" *United States v. Aretz*, 248 Ga. 19, 20 (280 SE2d 345) (1981). Byssinosis is a work-related disease enumerated in the Act. OCGA § 34-9-280 (5); see also *Venable v. John P. King Mfg. Co.*, 174 Ga. App. 800 (331 SE2d 638) (1985). Thus, appellant was foreclosed from pursuing a negligence action against appellee. Id. Although appellant alleges that appellee's acts were intentional and wilful, this does not prevent his injuries from coming within the exclusionary provisions of the Act. See *Southern Wire &c., Inc. v. Fowler*, 217 Ga. 727 (124 SE2d 738) (1962); see also *Synalloy Corp. v. Newton*, 254 Ga. 174, 175 (1) (326 SE2d 470) (1985).

3. We find absolutely no merit in appellant's arguments concerning the trial court's grant of summary judgment to appellee on those parts of appellant's complaint alleging intentional tortious or fraudu-

lent actions by appellee's attorney. Nor do we find that the trial court abused its discretion by granting appellee's motion for a protective order to prohibit the taking of its attorney's deposition. See OCGA § 9-11-26 (c); see generally *Retail Credit v. United Family &c. Ins. Co.*, 130 Ga. App. 524, 526 (3) (203 SE2d 760) (1974).

4. The trial court properly granted summary judgment to appellee on appellant's tort claims involving appellee's failure to pay for certain medical treatment appellant underwent as a result of an alleged work-related injury. This is not an instance where the employer has failed to comply with a claim awarded pursuant to the Act, compare *Samuel v. Baitcher*, 247 Ga. 71 (274 SE2d 327) (1981), but rather one where the employee attempts to elect a remedy outside of the Act for an alleged injury falling within the exclusionary provisions of the Act. "[OCGA § 34-9-11] has been interpreted consistently to mean that, where the workers' compensation law is applicable, it provides the employee's exclusive remedy against his employer." *Freeman v. Ryder Truck Lines*, 244 Ga. 80, 82 (2) (259 SE2d 36) (1979).

5. We have carefully examined appellant's complaint and find no error by the trial court in granting summary judgment to appellee on the remaining allegations asserted in the complaint.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 17, 1986 —
REHEARINGS DENIED MARCH 7, 1986 — ■

*James D. Patrick, Jr.*, for appellant.
*William B. Hardegree, James E. Humes II*, for appellee.