Maytown, a municipal corporation, enacted a business license ordinance imposing an excise tax on businesses engaged in the manufacture or distribution of gas within its municipal limits. The ordinance, in pertinent part, reads as follows:
 "An ordinance entitled An Ordinance to prescribe and fix licenses for . . . businesses . . . in the Town of Maytown . . . and fixing a penalty for the violation thereof:
". . . .
 "Section 1. That the following be and is hereby declared to be the schedule of licenses for . . . businesses . . . engaged in or carried on in the Town of Maytown, Alabama, and each and every person, firm, company or corporation engaged in any of the businesses . . . herein enumerated shall pay into the Town Treasury and take out such licenses in such sums as are herein enumerated, to-wit:
". . . .
 "47. Gas — Propane, butane, each person, firm or corporation, or agent for same engaged in manufacturing or distributing either propane or butane gas, shall pay a license in an amount equal to 3% of the gross receipts from said business during the year next preceding, but applying only to what is manufactured or distributed within the Town of Maytown, Alabama. . . .
". . . .
 "69. Gas companies 3% of gross receipts, using previous year's receipts as basis."
Mulga, a municipal corporation, is engaged in the business of selling and distributing gas to customers residing in Maytown through a gas distribution system which is owned by Mulga and operated by its waterworks board. However, maintaining that it is exempt from the requirements of the ordinance, Mulga has refused to purchase a license. Maytown filed a complaint in the Circuit Court of Jefferson County seeking a judgment declaring Mulga subject to the licensing requirement. Mulga appeals from a summary judgment granted in favor of Maytown. We affirm.
The sole issue in this case is whether Mulga is exempt from the licensing requirement contained in the ordinance. Mulga initially bases its claim for an exemption on Article IV, Section 91, of the Constitution of the State of Alabama (1901), and § 11-50-235(c) and § 11-50-322, Code 1975.
Article IV, Section 91, of our Constitution expressly exempts from taxation the *Page 733 
property, real or personal, of the state, counties, and municipal corporations. However, that section does not prohibit an excise or privilege tax from being levied against a municipality. City of Anniston v. State, 265 Ala. 303,91 So.2d 211 (1956); Town of Hackleburg v. NorthwestGas Dist., 277 Ala. 355, 170 So.2d 792
(1964); Tillman v. City of Homewood, 374 So.2d 271
(Ala. 1979).
Sections 11-50-235(c) and 11-50-322, supra, expressly exempt from taxation the "property and income" of public corporations formed for the purpose of operating water, sewer, gas, or electric systems. The exemption thus granted is only on the property and income of the corporation. As previously stated, the tax levied by Maytown is an excise tax on the privilege of operating a gas distribution business within its municipal limits, and is not a property or income tax. Town of Hackleburgv. Northwest Gas Dist., supra; Tillman v. City of Homewood,supra. Therefore, Mulga is not exempt under these sections.
Relying on a number of cases, including City of Anniston v.State, supra, Mulga also argues that it is not subject to the licensing requirement because the ordinance does not clearly indicate that it was intended to apply to municipalities.[1] InCity of Anniston, the Court stated the general rule that "when a tax levy is made in general terms with nothing to indicate that it was intended to apply to a city or a county it will be held not to so apply." The Court went on to say, "This so-called rule of exemption is court-made, based upon the theory that the city or county must levy a tax to pay the tax, which we will not ordinarily presume was intended by the legislature." 265 Ala. at 305, 91 So.2d at 212.
In Long v. Roberts Son, 234 Ala. 570, 176 So. 213 (1937), the Court, quoting Van Brocklin v. Anderson, 117 U.S. 151,6 S.Ct. 670, 29 L.Ed. 845 (1886), expressed the rule thusly;
 " 'General tax acts of a state are never, without the clearest words, held to include its own property, or that of its municipal corporations, although not in terms exempted from taxation. * * * "The immunity of the property of the state, and of its political subdivisions, from taxation, does not result from a want of power in the legislature to subject such property to taxation. The state may, if it sees fit, subject its property, and the property owned by its municipal divisions, to taxation, in common with other property within its territory. But inasmuch as taxation of public property would necessarily involve other taxation for the payment of the taxes so laid, and thus the public would be taxing itself in order to raise money to pay over to itself, the inference of law is that the general language of statutes prescribing the property which shall be taxable is not applicable to the property of the state or its municipalities. Such property is therefore, by implication, excluded from the operation of laws imposing taxation, unless there is a clear expression of intent to include it." [Trustees for Support of Public Schools v. City of Trenton], 30 N.J. Eq. [3 Stew.Eq. 667], 681.' "
234 Ala. at 575, 176 So. at 217.
And in City of Huntsville v. Madison County, 166 Ala. 389,52 So. 326 (1910), one of the first cases (if not the first) to discuss the rule, it is stated:
 "That there is a well-defined distinction between general taxation and a local assessment for public improvements, such as pavements, sewage, etc., there can be no doubt. It is also settled that constitutional or statutory exemption of public property from general taxation does not necessarily exempt it from special local assessment for public improvements; but, while there is a conflict, the weight and, we think, the sounder authorities, hold that general language in *Page 734 a statute giving cities power to levy assessments forstreet improvements is not sufficient to embrace theproperty of the state or county which is devoted tostrictly public uses, nor authorize the enforcementof such special assessment against it under a generaljudgment against the county. In other words, propertyowned and held by the state and counties for publicpurposes is generally exempt from taxation of anydescription, and is not to be deemed subject totaxation in any form, unless the intent of theLegislature to render it so clearly appears. . . ."
(Emphasis added.)
166 Ala. at 391-92, 52 So. at 326-27.
It appears well established that the state may levy an excise tax on a municipality, provided the intention to tax is clear and no constitutional inhibition exists. Likewise, it also appears that when the power of the state to tax is delegated to a municipality, as in this case, the intention to allow that municipality to levy a tax on another municipality must clearly appear.
In the present case, Maytown was delegated the authority pursuant to § 11-51-90, Code 1975, to license any "business . . . not prohibited by the Constitution or laws of the state which may be engaged in or carried on in the city or town." Maytown has by clear language imposed an excise tax on "businesses" engaged in the distribution of gas within its municipal limits. While it is true, as Mulga insists, that the ordinance does not specifically refer to municipalities, we do not consider that omission to be fatal. "Where a municipality engages in the business of furnishing electricity, lights, water, or gas to the public, it is not then discharging or exercising governmental functions or powers, but is exercising proprietary or business powers, and as to such business it is governed by the same rules of law which are applicable to ordinary business corporations." Town of Hackleburg v. Northwest Gas. Dist.,supra; City of Decatur v. Parham, 268 Ala. 585, 109 So.2d 692
(1959).
We are not aware of any similar case in which this common law rule has been applied so as to provide an exemption from a tax levied on a municipality engaged in a business. Indeed, the theory upon which the rule is based (i.e., that a municipality would be compelled to levy a tax to pay a tax) does not support an application of the rule under the facts of this case, where Mulga is engaged in a business to raise revenue. The tax imposed by Maytown is simply a business expense which Mulga should be able to pay from the funds generated by the sale of the gas to the citizens of Maytown. We think it prudent to reiterate that the basing of an excise tax on the gross receipts of a business is not a tax on income but an excise or privilege tax, the amount of the tax being regulated by the extent to which the privilege has been enjoyed. See Tillman v.City of Homewood, supra, at 272-73, quoting Nachman v. StateTax Commission, 233 Ala. 628, 635, 173 So. 25, 31 (1937).
Therefore, it is clear to us, and we so hold, that in enacting § 11-51-90, supra, the legislature intended for a municipality like Mulga (i.e., one which is engaged in a business within the corporate limits of another municipality) to be subject to taxation as is any other business.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Fountain v. Phillips,404 So.2d 614 (Ala. 1981). Since it is not disputed that Mulga is engaged in the business of selling and distributing gas within the municipal limits of Maytown, the summary judgment in favor of Maytown was proper.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] It does not appear from our review of the record that Mulga made this particular argument to the trial court. However, because both parties have discussed the issue in their briefs, in addition to the fact that the question is one of importance to the municipalities of this state, we will address it. *Page 735