Scott Bridge Company appeals, pursuant to Rule 5, Ala. R.App. P., from the trial court's order denying its motion for a summary judgment in a retaliatory-discharge action filed against it by Michael Wright. We reverse the trial court's order and render a judgment for Scott Bridge Company.
 I. Facts and Procedural History
Scott Bridge Company hired Michael Wright on June 26, 1997, as a carpenter on a bridge-construction project in Georgia. When he was hired, Wright was a resident of Georgia. Wright claims that he suffered an on-the-job injury on March 18, 1998, while working on a bridge project in Augusta, Georgia. On or about September 28, 1998, Wright filed a claim for benefits with the Georgia State Board of Workers' Compensation. Wright never sought benefits under the Alabama Workers' Compensation Act. In October 1998, Scott Bridge assigned Wright to work at its office in Opelika, where he remained employed until he was discharged on April 21, 2000.
Wright sued Scott Bridge in the Chambers Circuit Court on April 19, 2002, alleging that he was discharged in retaliation for having filed a claim for workers' compensation benefits. The action was transferred to the Lee Circuit Court. Scott Bridge filed a motion for a summary judgment on the ground that the prohibition set forth in § 25-5-11.1, Ala. Code 1975, against terminating an employee solely because the employee has filed a workers' compensation claim does not apply to employees asserting claims under the workers' compensation laws of any other state. The trial court denied the motion, citing the existence of genuine issues as to material fact. *Page 1223 
Scott Bridge then filed a motion asking the trial court to alter or amend the order, or, in the alternative, to certify the order for permissive appeal pursuant to Rule 5, Ala. R.App. P. The trial court entered an order stating that the case involved
 "a controlling question of law as to which there is a substantial ground for difference of opinion, specifically whether Ala. Code § 25-5-11.1 recognizes a claim for retaliatory discharge where the plaintiff never sought workers' compensation benefits in Alabama, but rather sought workers' compensation benefits in Georgia pursuant to an injury occurring when the plaintiff worked and lived in Georgia."
The trial court then amended that order, finding expressly that "Plaintiff never sought workers' compensation benefits in Alabama, but claims only that he sought workers' compensation benefits in Georgia." Continuing, the trial court observed that "Alabama law may recognize a claim for retaliatory discharge, pursuant to Ala. Code § 25-5-11.1, based on the facts alleged by Plaintiff." Scott Bridge then filed with this Court a petition for permission to appeal pursuant to Rule 5, Ala. R.App. P. We granted the petition.
 II. Standard of Review
This Court reviews de novo a trial court's interpretation of a statute, because only a question of law is presented. Simcala,Inc. v. American Coal Trade, Inc., 821 So.2d 197, 200 (Ala. 2001).
 III. The Scope of the Remedy
This Court has repeatedly embraced the rule that an employee at will may be discharged for any reason, including a "wrong" reason, or for no reason. For a recent example of our reiteration of this long-standing rule, see Coca Cola Bottling Co.Consolidated v. Hollander, [Ms. 1020520, October 31, 2003] ___ So.2d ___ (Ala. 2003), and the cases cited therein.
Section 25-5-11.1 provides, in pertinent part:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter. . . ."
(Emphasis added.) This statutory provision prohibiting retaliatory discharge was enacted in response to this Court's 5-4 decision in Meeks v. Opp Cotton Mills, Inc., 459 So.2d 814
(Ala. 1984), where the Court acknowledged the employment at-will doctrine and refused to recognize an exception in a case in which an employee maintained that his discharge from employment was the result of his having filed a workers' compensation claim. InMeeks, this Court referred to Bender Ship Repair, Inc. v.Stevens, 379 So.2d 594 (Ala. 1980), in which the Court had refused to recognize an exception to the at-will doctrine for an employee who alleged that he had been fired because he had missed work to serve on a grand jury. After Bender Ship Repair was released, as the opinion in Meeks points out, the Legislature enacted § 12-16-8.1, Ala. Code 1975, creating a remedy for an employee who was discharged for serving on a jury. Section12-16-8.1(a) provides as follows:
 "No employer in this state may discharge any employee solely because he serves on any jury empanelled under any state or federal statute; provided, however, that the employee reports for work on his next regularly scheduled hour after being dismissed from any jury."
(Emphasis added.) The Legislature accepted this not-so-subtle hint in Meeks as to the proper course of action and enacted §25-5-11.1. *Page 1224 
Section 25-5-11.1 quite plainly creates a remedy where an employee has been discharged solely for instituting or maintaining an action for workers' compensation benefits "under this chapter."[1] Wright urges us to apply the oft-cited rule of construction requiring that we construe workers' compensation statutes liberally in favor of the employee in order to achieve the beneficent purposes of the workers' compensation laws so as to, in effect, read the phrase "under this chapter" out of the statute. This we cannot do. We recently reiterated inEx parte Weaver, 871 So.2d 820, 824 (Ala. 2003), the settled principle that "`[c]ourts must liberally construe the workers' compensation law "to effectuate its beneficent purposes," although such a construction must be one that the language of the statute "fairly and reasonably" supports.'" (Quoting Ex parteDunlop Tire Corp., 706 So.2d 729, 733 (Ala. 1997), quoting in turn Ex parte Beaver Valley Corp., 477 So.2d 408, 411 (Ala. 1985).) In Hollander, supra, we referred to § 25-5-11.1 as a "narrow exception" to the general rule that an employment contract is terminable at will by either party, "forbidding employers from terminating an at-will employee solely because that employee sought workers' compensation benefits." ___ So.2d at ___.
Wright refers us to McClain v. Birmingham Coca-Cola BottlingCo., 578 So.2d 1299 (Ala. 1991), in which this Court held that the word "action," as used in § 25-5-11.1, included a claim as well as a judicial proceeding. Wright urges this example of a construction consistent with the beneficent purposes of the Workers' Compensation Act as authority for disregarding the phrase "under this chapter." Suffice it to say that it is quite a leap from liberally construing one word in § 25-5-11.1 to completely writing three words out of the statute. This Court simply cannot ignore words in a statute except where "it is `certain that the legislature could not possibly have intendedthe words to be in the statute, and that the rejection of them serves merely as a correction of careless language.'" Ex parteJackson, 625 So.2d 425, 428 (Ala. 1992). We are not here presented with such a case.
The Legislature is quite capable of drafting an exception to the at-will rule that is sufficiently broad to provide a cause of action for retaliatory discharge for conduct on the part of an employer arising from the employee's involvement with the workers' compensation laws of other states. See, e.g., the aforementioned statute prohibiting retaliatory discharge based upon an employee's being required to serve on a jury "empanelledunder any state or federal statute." See § 12-16-8.1(a), quoted in full ante (emphasis added). The case for modifying §25-5-11.1 to embrace claims arising from an employee's discharge in Alabama as a result of the employee's asserting rights conferred by the workers' compensation laws of another state should be made in the Legislature.[2] *Page 1225 
 IV. Conclusion
We reverse the trial court's order denying Scott Bridge's motion for a summary judgment and render a judgment in favor of Scott Bridge.
REVERSED AND JUDGMENT RENDERED.
HOUSTON, BROWN, JOHNSTONE, and WOODALL, JJ., concur.
[1] Under the Georgia workers' compensation act, Wright has no remedy in Georgia for a retaliatory discharge for filing a workers' compensation claim. See Evans v. Bibb Co.,178 Ga.App. 139, 140, 342 S.E.2d 484, 486 (1986), in which the Georgia court, in a decision quite similar to Meeks, held that the General Assembly was the appropriate forum for any change in Georgia law. No such change has been made in the ensuing years.
[2] For an example of a statute clearly achieving the result desired by Wright, see a Louisiana statute concerning retaliatory discharge, La.Rev.Stat. 23:1361(B), which provides, in pertinent part:
 "No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States."
(Emphasis added.)