The City of Pinson, the Town of Cleveland, and the Town of Highland Lake (collectively "the Municipalities") appeal from a summary judgment in favor of the Utilities Board of the City of Oneonta ("the Utilities Board") in the Utilities Board's action seeking a judgment declaring it exempt from a tax imposed by the Municipalities. We affirm in part, reverse in part, and remand.
 Facts and Procedural History
The Utilities Board supplies natural gas to customers in the City of Pinson and the Town of Cleveland and water service to customers in the Town of Highland Lake. Each one of the Municipalities has established what it contends is a license tax on the privilege of doing business within its respective corporate limits. Sections 11-51-90 and 11-51-129, Ala. Code 1975, authorize municipalities to impose license taxes on businesses operating within their municipal limits. Section 11-51-90(a)(1) provides that all municipalities have the power "[t]o license any exhibition, trade, business, vocation, occupation, or profession not prohibited by the constitution or *Page 369 
laws of the state which may be engaged in or carried on in the municipality." Section 11-51-129 provides, in pertinent part:
 "The maximum amount of privilege or license tax which the several municipalities within the state may annually assess and collect of persons operating . . . gas companies, waterworks companies, pipe line companies for transporting or carrying gas, oil, gasoline, water or other commodities, gas distributing companies, whether by means of pipe lines or by tanks, drums, tubes, cylinders or otherwise . . . shall not exceed three percent of the gross receipts of the business done by the utility in the municipality during the preceding year. . . ."
Based upon the cap set by § 11-51-129, the Municipalities have imposed license taxes and utility taxes calculated as a percentage of the business done by the Utilities Board within the corporate limits of the Municipalities.
The City of Pinson's ordinance provides, in pertinent part:
 "Gas Company. Each person or entity engaged in the business of selling or distributing gas shall pay a license tax to the City of Pinson, Alabama, in the amount equal to three percent (3%) of the gross receipts of the business done by such person or entity within the limits of the City of Pinson, Alabama, during the preceding year."
The Town of Cleveland's tax ordinance provides as follows:
 "SECTION 1. The Town Council of the Town of Cleveland, Alabama, pursuant to the authority granted to it under the laws of the State of Alabama, and in order to promote the public welfare of its citizens hereby levies an add on public utility tax on all sales of gas sold to its citizens within the town limits by the Utilities Board of the City of Oneonta, Alabama of three per cent (3%) of gross sales.
 "SECTION 2. The Town Council of the Town of Cleveland, Alabama, pursuant to the authority granted to it under the laws of the State of Alabama, and in order to promote the public welfare of citizens who reside in its police jurisdiction hereby levies an add on public utility tax on all sales of gas, by the Utilities Board of the City of Oneonta, Alabama, to citizens living in the police jurisdiction of the Town of Cleveland, Alabama of one and one-half per cent (1 1/2%) of gross sales."
Finally, the Town of Highland Lake's ordinance provides, in pertinent part:
 "In addition to all other taxes imposed by law, a distributor and/or seller shall pay a license tax to the town, such license tax shall be in the amount of three (3) per cent of the total revenue received by the distributor and/or seller from water services provided by the distributor and/or seller to residential, commercial and/or industrial customers within the town limits of The Town of Highland Lake."
The Utilities Board has never paid these taxes, claiming to be exempted from these ordinances by § 11-50-322, Ala. Code 1975. Section 11-50-322, which exempts "Boards for Operation of Water, Sewer, Gas and Electric Systems" from certain municipal taxes, provides as follows:
 "The property and income of each corporation formed or the certificate of incorporation of which is amended under this article and all bonds issued by each such corporation and the income from such bonds and conveyances by or to each such corporation and mortgages and indentures of trust by or to each such corporation shall be exempt from all taxation in the State of Alabama. Each such corporation shall also be exempt *Page 370 
from all sales and use taxes and gross receipts taxes levied by the state and any political subdivision thereof with respect to the purchase, sale, use, or consumption of property; provided, however, that the provisions of this section shall not be construed to exempt any such corporation from the privilege or license tax levied by Section 40-21-82 or the excise tax levied by Section 40-21-102; and provided, further, that any such sales, use, or gross receipts taxes that may have been paid to the state or any political subdivision thereof by a corporation that was formed or the certificate of incorporation of which is amended under this article shall not be subject to refund."
§ 11-50-322, Ala. Code 1975. The Utilities Board filed an action in the Blount Circuit Court, seeking a judgment declaring it exempt from payment of the taxes the Municipalities sought to impose. The circuit court concluded that § 11-50-322 exempted the Utilities Board from the license and utility taxes imposed by the Municipalities, and it entered a summary judgment in favor of the Utilities Board. The Municipalities appeal.
 Standard of Review "An order granting or denying a summary judgment is reviewed de novo, applying the same standard as the trial court applied. American Gen. Life Accident Ins. Co: v. Underwood, 886 So.2d 807, 811 (Ala. 2004). In addition, `[t]his court reviews de novo a trial court's interpretation of a statute, because only a question of law is presented.' Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala. 2003). Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review. Carter v. City of Haleyville, 669 So.2d 812, 815 (Ala. 1995)."
Continental Nat'l Indem. Co. v. Fields,926 So.2d 1033, 1034-35 (Ala. 2005). The parties agree that the facts here are undisputed and that our review of the circuit court's determination that § 11-50-322 exempted the Utilities Board from paying the municipal taxes at issue in this case is de novo.
 Analysis
In approaching the question whether a taxpayer is entitled to a statutory tax exemption, the Court begins with the principle that "`"one seeking an exemption from taxation assumes the burden to clearly establish the right. In all cases of doubt as to legislative intention, the presumption is in favor of the taxing power."'" Ex parte Emerald Mountain ExpresswayBridge, L.L.C., 856 So.2d 834, 839 (Ala. 2003) (quotingFlav-O-Rich, Inc. v. City of Birmingham, 476 So.2d 46,48 (Ala. 1985), quoting in turn Brundidge Milling Co. v.State, 45 Ala.App. 208, 210, 228 So.2d 475, 477 (1969) (emphasis omitted)). However, "[a]lthough tax-exemption clauses are to be construed most strongly against the party or person paying the tax, they are not to be so strictly construed as to defeat or destroy the intent and purpose of the statute containing the exemption clause, and no statutory construction should be accepted that would have that effect." Ex parteExxon Mobil Corp., 926 So.2d 303, 309 (Ala. 2005). Seealso Bean Dredging, L.L.C. v. Alabama Dep't of Revenue,855 So.2d 513, 517 (Ala. 2003) ("While tax-exemption clauses are to be construed most strongly against the taxpayer, they are not to be so strictly construed as to defeat the intent and purpose of the exemption.").
The Municipalities argue that § 11-50-322, relied upon by the Utilities Board and *Page 371 
the circuit court as establishing an exemption from the municipal taxes at issue, expressly exempts the Utilities Board from only certain limited categories of taxes:
 "(1) Taxes on `[t]he property and income' of the Utility Board;
 "(2) Taxes on `all bonds issued by [the Utility Board],' and on the `income from such bonds';
 "(3) Taxes on `the income from . . . conveyances by or to [the Utility Board]';
 "(4) Taxes on `the income from . . . mortgages and indentures of trust by or to [the Utility Board]'; and "(5)
 `[A]ll sales and use taxes and gross receipts taxes levied by the state and any political subdivision thereof with respect to the purchase, sale, use, or consumption of property.'"
Municipalities' brief at 15-16 (quoting § 11-50-322; alterations in brief). The Municipalities argue that the taxes imposed by the ordinances here do not fall within these categories because, they argue, the taxes are taxes on the privilege of engaging in or carrying on a business in the municipality, not income, property, or sales taxes.
The Utilities Board argues that the Municipalities' tax ordinances impose "gross receipts taxes" and that the language of § 11-50-322 expressly exempts the Utilities Board from the payment of gross-receipts taxes. The Utilities Board cites the following language from § 11-50-322: "[Each board for operating a water, sewer, gas, and electric system] shall also be exempt from all sales and use taxes and gross receipts taxes levied by the state and any political subdivision thereof with respect to the purchase, sale, use, or consumption of property." According to the Utilities Board, "[t]o call a tax calculated on gross receipts a `privilege or license tax' does not prevent it from being a `gross receipts tax.'" Utilities Board's brief at 16.
The Utilities Board concludes that the legislature intended in § 11-50-322 "to exempt Article 9 Utilities Boards from all taxes calculated on gross receipts except the two statutes specifically referenced [in § 11-50-322], the, privilege or license tax levied by Section 40-21-82 (Utility Gross Receipts Tax) or the excise tax levied by Section 40-21-102 (Utility Service Tax)."[1] Utilities Board's brief at 17. However, neither the language of the statute nor the expressed purpose of the legislature supports the Utilities Board's argument.
This Court is bound by rules of statutory construction "to interpret the language of [a statute] to mean exactly what it says and to give effect to the apparent intent of the legislature." IMED Corp. v. Systems Eng'g Assocs.Corp., 602 So.2d 344, 349 (Ala. 1992). "In determining the intent of the legislature, we must examine the statute as a whole and, if possible, give effect to each section." Exparte Exxon Mobil Corp., 926 So.2d 303, 309 (Ala. 2005). Section 11-50-322 exempts the Utilities Board from all gross-receipts taxes levied by a municipality "with respect to the purchase, sale, use, or consumption of property." The Utilities Board is therefore not exempt from all types of gross-receipts taxes; instead, it is exempt only from those gross-receipts taxes levied with respect to the "purchase, sale, use, or consumption of property." Section 11-51-90
expressly permits municipalities "to impose[] the tax or license fee in return for the privilege of engaging in a trade, occupation or profession in the [municipality] *Page 372 
and for being afforded the benefit of the facilities of the [municipality] while in the pursuit of that business."McPheeter v. City of Auburn, 288 Ala. 286, 290,259 So.2d 833, 835 (1972) (interpreting the predecessor statute to § 11-51-90); see also American Bankers Life AssuranceCo. of Florida v. City of Birmingham, 632 So.2d 450, 452
(Ala. 1993) ("The State of Alabama authorizes municipalities to impose business license fees upon businesses, trades, and professions for the privilege of conducting business within the city or town."). Thus, although a tax ordinance might measure the amount of tax owed based on the gross receipts of the Utilities Board, the subject of a license or privilege tax is not the "purchase, sale, use, or consumption of property"; instead, the subject of the tax is the privilege of conducting or the opportunity to conduct a business in the municipal limits or within a municipality's police jurisdiction. InTown of Mulga v. Town of Maytown, 502 So.2d 731
(Ala. 1987), the Town of Maytown's ordinance provided that "`[each entity] engaged in manufacturing or distributing either propane or butane gas, shall pay a license in an amount equal to 3% of the gross receipts from said business during the year next preceding, but applying only to what is manufactured or distributed within the Town of Maytown, Alabama.'"502 So.2d at 732. We held that the tax imposed by this ordinance was "an excise tax on the privilege of operating a gas distribution business within [Maytown's] municipal limits, . . . not a property or income tax," and therefore that the Town of Mulga was not exempt. 502 So.2d at 733.
In order for the Court to accept the argument that the legislature intended in § 11-50-322 to exempt utilities boards incorporated under Article 9 from all taxes imposed by municipalities on gross receipts, we must ignore the language in the statute that the exemption applies to taxes levied "with respect to the purchase, sale, use, or consumption of property." § 11-50-322, Ala. Code 1975. This language modifies and limits the words "gross receipts." Had the legislature intended "to exempt Article 9 Utilities Boards from all taxes calculated on gross receipts," as the Utilities Board claims, it could have created such an exemption by not including the language "with respect to the purchase, sale, use, or consumption of property."
Further, the cap imposed on privilege or license taxes by § 11-51-129, Ala. Code 1975, states that such taxes "shall not exceed three percent of the gross receipts of the business done by the utility. in the municipality during the preceding year." This statutory language indicates that the legislature did not impose a general prohibition on municipalities' levying gross-receipts taxes.
Finally, when it amended § 11-50-322 in 1994, the legislature expressed its intent in doing so. Act No. 94-711, § 2, Ala. Acts 1994, provides:
 "The purpose of the Legislature in hereby amending Section 11-50-322 is to clarify and implement the actual purpose and meaning of the Legislature when it provided exemptions from certain taxes in that section and to reflect the fact that in practice, public corporations formed under Article 9 of Chapter 50 of Title 11 of the Code of Alabama 1975, have not paid sales and use taxes and similar gross receipts taxes to the state and any political subdivisions thereof that may have levied such taxes, based upon the understanding that they were exempt therefrom."
The purpose of the 1994 amendment was to make clear that — as had been previously understood — utilities boards incorporated under Article 9 are exempt from sales, *Page 373 
use, and similar gross-receipts taxes. However, the legislature expressed no intention to exempt utilities boards from paying privilege or license taxes, despite our prior ruling in Town of Mulga, supra, that, pursuant to § 11-51-90, Ala. Code 1975, a municipal corporation is subject to license taxes imposed on the privilege of doing business in another municipality.
The Utilities Board argues that the legislature amended § 11-50-322 in response to this Court's decision in Town ofMulga; however, "[t]he Legislature is presumed to be aware of existing law and judicial interpretation when it adopts a statute," Carson v. City of Prichard, 709 So.2d 1199,1206 (Ala. 1998), and "we presume `that the legislature does not intend to make any alteration in the law beyond what it explicitly declares.'" Ware v. Timmons, 954 So.2d 545,556 (Ala. 2006) (quoting Duncan v. Rudulph,245 Ala. 175, 176, 16 So.2d 313, 314 (1944)). Had the legislature intended to abrogate our decision in Town of Mulga, it could have plainly stated that municipal corporations such as utilities boards are exempt from payment of license or privilege taxes imposed by municipal ordinances. The legislature did not create such an exemption, even though it has done so in the case of gas districts. See
§ 11-50-412, Ala. Code 1975 ("All property and all income of any district incorporated under this article and any such district itself shall be exempt from all state, county, municipal and other taxation in the State of Alabama, including, without limitation, privilege and license taxation."). "It is not proper for a court to read into the statute something which the legislature did not include although it could have easily done so." Noonan v. East-West Beltline, Inc.,487 So.2d 237, 239 (Ala. 1986).
"A tax exemption must be expressed in clear and unambiguous terms and ought not to be deduced from language of doubtful import." Ex parte Exxon Mobil Corp., 926 So.2d at 309. The Municipalities have the power to impose privilege or license taxes on the privilege of doing business within their municipal limits, and those taxes may be measured by reference to the total amount of business conducted. The tax ordinances of the City of Pinson and the Town of Highland Lake expressly impose a license tax and calculate that tax based upon the gross receipts or gross revenue of the Utilities Board's business.
The tax ordinance of the Town of Cleveland, however, does not appear to be a privilege or license tax; instead, the ordinance imposes "an add on public utility tax on all sales of gas sold to its citizens within the town limits by the Utilities Board of the City of Oneonta, Alabama of three per cent (3%) of gross sales." Although "tax-exemption clauses are to be construed most strongly against the taxpayer," Bean Dredging,855 So.2d at 517, "[t]axing statutes and ordinances are to be construed strictly against the taxing authority and in favor of the taxpayer." Chism v. Jefferson County,954 So.2d 1058, 1067 n. 12 (Ala. 2006). Section 11-50-322, Ala. Code 1975, provides that "[e]ach such corporation shall also be exempt from all sales and use taxes and gross receipts taxes levied by the state and any political subdivision thereof with respect to the purchase, sale, use, or consumption of property." The tax ordinance of the Town of Cleveland adds a tax to the sale of gas within its town limits, and the Utilities Board is exempt from such taxes.
 Conclusion
The Utilities Board has failed to establish its entitlement to an exemption from the taxes imposed by the ordinances of the City of Pinson and the Town of Highland *Page 374 
Lake, and the trial court erred in entering a summary judgment in its favor as to those municipalities. However, the Utilities Board is exempt from the sales tax imposed by the Town of Cleveland on gas sold within its town limits, and a summary judgment in the Utilities Board's favor was proper as to that ordinance. For these reasons, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
[1] The taxes levied pursuant to both § 40-21-82 and § 40-21-102 are levied by the State, not by municipalities.