16 So.2d 313

**DUNCAN v. RUDULPH.**

**6 Div. 193.**

Supreme Court of Alabama.

Jan. 13, 1944.

176

Victor H. Smith, of Birmingham, for appellee.

**LIVINGSTON, Justice.**

This is a bill to quiet title, filed under and by virtue of the provisions of sections 1109 et seq., Title 7, Code of 1940.

By agreement and stipulation of the parties, all questions—save one—were eliminated. The property affected is located within the territorial limits of the Bessemer Division of the Tenth Judicial Circuit of Jefferson County, Alabama, or what is commonly known as the "Bessemer Cutoff".

The question is, whether a sheriff's sale to complainant's predecessor in title, growing out of a judgment in the Birmingham Division of the Tenth Judicial Circuit, Jefferson County, Alabama, and held at Birmingham, Alabama, will prevail over a subsequent judgment and sheriff's sale to respondent's predecessor in title, held at Bessemer, Alabama. The sheriff sales were had in pursuance of section 7824, Code of 1923, Code 1940, Tit. 7, § 535, which section has appeared, without material change, in all of our codes since 1852, and, in pertinent part, reads as follows: "Time and place of sale. —Lands, when levied on under execution from any court of record, must be sold on any Monday in the month at the courthouse of the county."

In the case of Anniston Pipe Works v. Williams, 106 Ala. 324, 18 So. 111, 112, 54 Am.St.Rep. 51, this Court, in reviewing the act establishing the City Court of Anniston, said: "It may be said, therefore, that Calhoun county has two courthouses, one in Jacksonville, and one in Anniston, and that sales of real estate sold at the courthouse in Anniston are sales at the courthouse of the county, within the meaning of said section 2907, of the Code [Code 1940, Tit. 7, § 535]."

And in Dean v. Lusk, 241 Ala. 519, 3 So.2d 310, 312, the foregoing rule was approved in the following language: "The statute that obtains is Code of 1923, § 7824, Code 1940, Tit. 7, § 535, and it is mandatory that lands levied on be sold at the courthouse. This Court has decided, however, that if there are two courthouses in the county, such sale may be made at either. Anniston Pipe Works v. Williams, 106 Ala. 324, 18 So. 111, 54 Am. St.Rep. 51." See, also, Hall v. Metropolitan Life Ins. Co., 225 Ala. 455, 143 So. 452.

The first act creating the Bessemer Division of the Tenth Judicial Circuit was enacted in 1893 (Acts 1892–93, page 669). The Legislature in 1919 (Local Acts of 1919, page 62) repealed the Act of 1893, and enacted in its stead an act "to better provide for holding the Circuit Court of the Tenth Judicial Circuit at Bessemer, in and for the following portions of Jefferson County" (defining them) and "to define the jurisdiction thereof." Neither of said acts make any provision for, nor reference to, sheriff's sales.

The presumption is that the legislature does not intend to make any alteration in the law beyond what it explicitly declares, either in express terms or by unmistakable implication, and that it does not intend to overthrow fundamental principles, infringe rights, or depart from a general system of law without expressing

its intention with irresistible clearness. Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 431, 62 So. 712, 715, 47 L.R. A.,N.S., 607; Goodman v. Carroll, 205 Ala. 305, 87 So. 368; Endlich Interp. Stat. p. 151, section 113.

In our opinion, therefore, the sheriff's sale held at the courthouse in Birmingham was in full compliance with section 7824, supra; and the decree rendered in the court below, so holding, is correct, and is here affirmed.

Affirmed.

All the Justices concur.