McMILLAN, Judge.
The appellant was found guilty of robbery in the first degree, kidnapping in the first degree, and violating the statute prohibiting certain persons from possessing a pistol. He was sentenced to life without parole for the offense of robbery in the first degree; life imprisonment for violation of the statute prohibiting certain persons from possessing a pistol; and to life without parole for the offense of kidnapping in the first degree.
I
The appellant argues that the trial court erred in failing to grant his motion to dismiss based on the State's failure to prove a prima facie case of robbery in the first degree and kidnapping in the first degree.
As to the robbery in the first degree conviction, the appellant argues that, because the gun which he held to the victim’s head, and which he waived in the air to ward off police officers, was subsequently determined to be unloaded, the State did not prove that he was armed with a deadly weapon. The appellant argues that he rebutted the “prima facie” rule regarding the use of a deadly weapon — i.e., the rule that the presentation of an object reasonably believed to be a deadly weapon is prima facie evidence that the object constitutes such a weapon. The appellant cites the commentary to §§ 13A-8-40 through 13A-8-44, Code of Alabama (1975), wherein it is stated in pertinent part:
“A difficult area is robbery by use of an unloaded, inoperable or dummy weapon. The basic theory of this article is to protect the citizen from fear for his or another’s health and safety. This should be aggravated only when there is actual serious physical injury inflicted or when the robber possesses an instrument which is readily capable of inflicting such injuries. However, it is sometimes difficult to prove that defendant actually was armed with a dangerous weapon, unless he is apprehended at the scene. In an effort to balance the needs for enforcement with the demands for appropriate penalties, § 13A-8-41 makes possession of an object reasonably believed to be a ‘deadly weapon’ or ‘dangerous weapon’ as defined in § 13A-1-2, or representation by the defendant that he has one, prima facie evidence that he is armed. If in fact the defendant refutes this, he may still be convicted of robbery in a lesser degree. This provision is consistent with other recent criminal codes, e.g. Colorado Criminal Code § J/.0-J/.-302; Michigan Revised Criminal Code, § 3305; and New York Penal Law, §§ 160.10, 160.15, amended 1969, so as to make the unrebutted appearance of a loaded firearm robbery in the first degree, and even the display of what appears to be a firearm, but *687 shown by the defendant to have been unloaded, robbery in the second degree.”
(Emphasis provided.)
However, the Alabama Supreme Court in Herndon v. State, 563 So.2d 1065 (Ala.1990), in addressing this language, held that “a commentary to a statute, while of some persuasive value, is not binding upon the courts.” The Court further held that the statutes cited from other states were so different as not to be very useful in construing the Alabama statute. Thus, the court held that Lidge v. State, 419 So.2d 610 (Ala.Cr.App.), cert. denied, 419 So.2d 616 (Ala.1982), was the definitive authority for this matter. In Lidge v. State, supra, it was held that the definition of robbery in the first degree and the definition of a deadly weapon do not require that the firearm be loaded. Where the persons present would be led to reasonably believe the gun to be a deadly weapon, the offense is robbery in the first degree.
As to the kidnapping in the first degree conviction, the appellant argues that, because he voluntarily released the victim alive, the State failed to prove a prima facie case. The State presented evidence that, after the defendant attempted to rob the victim and her daughter, the victim’s daughter ran for help, crying that the appellant had a gun. A nearby officer ordered the appellant to drop the gun. The appellant had placed the gun to the victim’s head and held her around the neck. He threatened to kill her and dragged her down the block and around the corner into an alley. At that point the victim’s daughter and the police officer lost sight of her. The appellant kept the gun placed next to the victim’s head and continued to threaten to kill her. Other police officers arrived and began approaching the appellant and shining lights on him. They instructed the appellant to put the gun down and release the victim. The appellant refused and continued dragging the victim down the alley by her throat. Approximately 10 to 15 minutes later, police officers managed to surround the appellant and they told him that they would shoot him if he did not release the victim and put the gun down. The appellant then threw the gun down and fell to the ground, pulling the victim on top of him. The police officers attempted to handcuff the appellant, who tried to thwart their efforts by keeping the victim on top of him. A police officer eventually grabbed the victim’s feet and pulled her away.
According to § 13A-6-43(b), Code of Alabama (1975):
“A person does not commit the crime of kidnapping in the first degree if he voluntarily releases the victim alive, and not suffering from serious physical injury, in a safe place prior to apprehension. The burden of injecting the issue of voluntary safe release is on the defendant, but this does not shift the burden of proof.”
There was no evidence that the victim was voluntarily released in a safe place prior to apprehension. Therefore, the appellant’s argument fails.
II
The appellant argues that the trial court should have given lesser included offense charges as to robbery in the third degree and kidnapping in the second degree. However, this issue was not preserved for review. The appellant contends that, when defense counsel stated that “the defense would like to move to dismiss based on the fact that the district attorney has not made a prima facie case,” he was actually requesting the court to charge the jury on those lesser included offenses. The record indicates that the appellant failed to adequately request these instructions or to object to the trial court’s failure to instruct the jury on these lesser included offenses. Rule 14, Alabama Temporary Rules of Criminal Procedure. A motion for acquittal is not sufficient to preserve this issue where the lesser included offense charges were never requested and no timely objection was made to their omission. Cf. Newsome v. State, [Ms. 8 Div. 127, December 29, 1989] (Ala.Cr.App.1989) (wherein it was noted that a motion for new trial, motion to exclude, or motion for *688 judgment of acquittal is not sufficient to preserve the issue of the admission of evidence where no timely objection was made.)
AFFIRMED.
All the Judges concur.