TAYLOR, Judge.
The appellant, Henry 0. Avanrenren, was convicted of issuing a false report, a violation of § 13A-11-11, Code of Alabama 1975. He was sentenced to 90 days in jail, which sentence was suspended, and was given 12 months to serve on probation.
On appeal the appellant contends that his conduct does not by definition fall under § 13A-11-11; therefore, there was insufficient evidence to find him guilty of the crime charged. This section states in pertinent part:
“(a) A person commits the crime of falsely reporting an incident if with knowledge that the information reported, conveyed or circulated is false, he initiates or circulates a false report or warning of an alleged occurrence or impending occurrence of a fire, explosion, crime, catastrophe or emergency under circumstances in which it is likely to cause evacuation of a building, place of assembly or transportation facility, or to cause public inconvenience or alarm.”
(Emphasis added.)
The state’s evidence in the instant case tended to show that on April, 19, 1990, the appellant reported to a private company, employed by the Huntsville city school system to provide security for schools, that there were eight black males in front of Johnson High School who were dealing drugs and who were armed with knives. The appellant was a custodian at Johnson High School. When security personnel arrived, they found no one on the premises but the appellant. When they asked the appellant about the report, the appellant told them that he had called them to report a stolen vacuum cleaner. Security personnel stated that the appellant continued talking about his missing vacuum cleaner. Don Taylor, a security supervisor, testified that after he talked with the appellant for several minutes, the appellant told him that he knew how to get results. The appellant told Taylor that he was tired of waiting two or three hours for the security company personnel to get to the school. There was testimony that this was the second time that the appellant had reported a potentially serious incident to the security company that later proved to be unfounded.
The appellant testified that his report was true but that the individuals in front of the school had left before the security company personnel arrived.
First, we must interpret the statute to see if the appellant’s conduct falls within its purview.
“ ‘The fundamental rule of statutory construction is that a court is under a duty to ascertain and effectuate legislative intent as expressed in the statute, see e.g., Gundy v. Ozier, 409 So.2d 764, 765, 766 (Ala.1981), which may be gleaned from the language used, the reason and necessity for the act and the purpose sought to be obtained.’ ”
Pool v. State, 570 So.2d 1260, 1262 (Ala.Cr.App.1990), aff’d, 570 So.2d 1263 (Ala.1990).
The statute clearly states, “under circumstances in which it is likely to cause ... public inconvenience or alarm.” The commentary to the above statutes lends further support for appellant’s position. This section “seeks to cover instances in which a false report is made to public officials not engaged in police or fire control activities, for instances, school administrators, airline officials, or managers of public buildings. The primary purpose of § 13A-11-11 is to protect the public against inconvenience or alarm_” Commentary to § 13A-11-11. (Emphasis added).[1] Because under the facts of this case there has been no *241 violation of the statute, we will not address the issue of whether the statute is unconstitutional because of vagueness.
In the instant case, it is true that the security company proceeded immediately to the school to apprehend reported drug dealers. However, any report to them might result in their proceeding immediately to a location requiring their services. The question here is whether the public has been inconvenienced. The call that the appellant made to the security company did not lead to the evacuation of a vehicle or a building. This statute addresses situations such as where someone in a crowded theater yells “fire,” or where someone pulls the fire alarm in an office building. Those are situations where the public at large has been inconvenienced. From the facts of this case, we cannot say that the public was inconvenienced as a result of the appellant’s conduct. We do not consider that this statute was intended to apply to facts such as those in this case.
For the foregoing reasons, the judgment in this case must be reversed and rendered.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.

. This statute was purportedly adopted from a Michigan statute. However, this statute is no longer in the Michigan Criminal Code.