SMITH, Justice.
 

 The State of Alabama petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals’ decision reversing Beryl R. Hiler’s conviction for falsely reporting an incident, a violation of § 13A-11-11, Ala.Code 1975.
 
 Hiler v. State,
 
 44 So.3d 535 (Ala.Crim.App.2009). We granted certiorari review to consider, as a material question of first impression,
 
 *544
 
 whether the plain language of § 13A-11-11 prohibits Hiler’s prosecution for falsely reporting an incident. For the reasons discussed below, we reverse the judgment of the Court of Criminal Appeals.
 

 Facts and Procedural History
 

 The evidence presented at trial tends to show the following. On May 25, 2006, law-enforcement officers were called to the residence of Greg Noble and Michelle Noble. Hiler had previously been married to Michelle, and she was allowing Hiler to stay at the Nobles’ residence so that Hiler could visit his son more frequently. Earlier on the morning of May 25, 2006, Hiler had arrived to work late, had been fired, and had returned to the Nobles’ residence under the influence of alcohol. Michelle informed Hiler that he would have to move out of the residence; Hiler told Michelle that he wanted to “die by cop.” Hiler later telephoned emergency 911 to report a domestic dispute. Michelle, who was unaware that Hiler had telephoned 911, received a telephone call from the 911 operator. Michelle informed the 911 operator that she and Hiler had been arguing but that there was no domestic dispute in progress. Michelle then telephoned Franklin County Sheriff Larry Plott to request that Hiler be removed from the Nobles’ residence so that “he could sleep it off’ at a motel.
 

 When law-enforcement officers arrived at the Nobles’ residence, Hiler walked into an outbuilding located approximately 100 meters from the Nobles’ residence and returned with an object that the officers believed, based on their observations and training, to be an explosive device. Hiler told officers at the scene that the object was a bomb; that “his wife was trying to take his children away”; and that he “didn’t care to die.” Hiler walked up the hill toward the Nobles’ residence with the device in his hand; however, Hiler returned to the outbuilding when an officer drew his weapon, pointed it at Hiler, and ordered Hiler to stop. Later, Hiler came out of the outbuilding with the device strapped around his waist and told the officers that the device had a mercury switch. Greg and Michelle told officers that the item Hiler had in his possession was not a bomb but was a “time capsule” Hiler had been making with his son; nonetheless, a special-response law-enforcement team was notified and, at some point during the incident, Greg and Michelle were evacuated from the residence.
 

 Investigator Jason Holcomb of the Franklin County Sheriffs Department negotiated with Hiler, and Hiler eventually agreed to put the device down if Holcomb would leave his gun in his vehicle. Holcomb put his gun in his vehicle and obtained a stun gun instead. After Hiler laid the device down and walked a short distance, Holcomb attempted unsuccessfully to use the stun gun on Hiler. Hiler then ran in the direction of the device; officers ordered Hiler to stop and, when he did not do so, the officers started shooting at Hiler. Hiler stopped, put his hands up, and said, “It’s not real.” A bomb technician with the Florence Police Department and an explosive technician with the Alabama Bureau of Investigation verified that the “bomb” was actually a pipe.
 

 Hiler was convicted of falsely reporting an incident, a violation of § 13A-11-11, Ala.Code 1975; the trial court sentenced Hiler to six years’ imprisonment.
 
 [1]
 
 Hiler
 
 *545
 
 appealed to the Court of Criminal Appeals, arguing that his conduct did not fall within the purview of § 13A-11-11, Ala.Code 1975, because, he claimed, the evidence was undisputed that the officers were engaged in a police activity when Hiler made the allegedly false report, thus exempting his report from the operation of § 13A-11-11.
 

 At all relevant times, § 13A-11-11(a), Ala.Code 1975,
 
 [2]
 
 provided:
 

 “A person commits the crime of falsely reporting an incident if with knowledge that the information reported, conveyed, or circulated is false, he or she initiates or circulates a false report or warning of an alleged occurrence or impending occurrence of a fire, bomb, explosion, crime, catastrophe, or emergency under circumstances in which it is likely to cause evacuation of a building, place of assembly, or transportation facility, or to cause public inconvenience or alarm.”
 

 The Commentary to § 13A-11-11, Ala. Code 1975, provides, in pertinent part:
 

 “Although the Criminal Code does not make intent an element of the offense, knowledge that the information reported, conveyed or circulated was false is required. It is also necessary that the false information be initiated or circulated under circumstances in which it is likely to cause evacuation of a building, place of assembly, or transportation facility, or to cause public inconvenience or alarm.
 

 “The Criminal Code seeks to cover instances in which a false report is made to public officials
 
 not engaged in police
 
 or fire control
 
 activities,
 
 for instances, school administrators, airline officials, or managers of public buildings. The primary purpose of § 13A-11-11 is to protect the public against inconvenience or alarm, and
 
 not to protect against interference with governmental operations;
 
 this is the purpose of §§ 13A-10-8 and 13A-10-9.”
 

 (Emphasis added.)
 

 The Court of Criminal Appeals reversed the trial court’s judgment and rendered a judgment in favor of Hiler as to the conviction for falsely reporting an incident. The Court of Criminal Appeals concluded that the Commentary to § 13A-11-11, Ala. Code 1975, specifically stated that the statute did not apply to false reports made to public officials engaged in police activities. In its opinion, the Court of Criminal Appeals stated:
 

 “The Commentary to § 13A-11-11, Ala. Code 1975, specifically explains that the statute was intended to apply to false reports made to public officials who were not engaged in police activity. It also explains that the primary purpose of the statute is to protect the public from inconvenience or alarm and that the purpose of §§ 13A-10-8 and 13A-10-9, Ala.Code 1975, is to protect against interference with governmental operations. The evidence in this case clearly established that any false representation Hiler made about having a bomb was directed to law enforcement officers who were engaged in law enforcement activities. Therefore, based on the plain language of the Commentary to § 13A-11-11, Ala.Code 1975, we conclude that the statute was not intended to apply to facts such as those in this case.”
 

 Hiler,
 
 44 So.3d at 540.
 

 The State petitioned this Court for cer-tiorari review, and we granted the writ to
 
 *546
 
 consider, as a material question of first impression, whether the plain language of § 13A-11-11 precludes Hiler’s conviction for falsely reporting an incident.
 

 Standard of Review
 

 “ ‘ “This Court reviews pure questions of law in criminal cases de novo.” ’ ”
 
 Ex parte Brown,
 
 11 So.3d 933, 935 (Ala. 2008) (quoting
 
 Ex parte Morrow,
 
 915 So.2d 539, 541 (Ala.2004), quoting in turn
 
 Ex parte Key,
 
 890 So.2d 1056, 1059 (Ala. 2003)).
 

 Analysis
 

 The State contends that the Court of Criminal Appeals erred in relying on the plain language of the Commentary to § 13A-11-11, Ala.Code 1975, rather than the plain language of the statute in reversing the trial court’s judgment and rendering a judgment in Hiler’s favor as to the conviction for falsely reporting an incident. The State asserts that § 13A-11-11, enacted in 1977, prohibited the false reporting of certain emergencies — such as an explosion or a fire — made under circumstances that are likely to cause an evacuation, public inconvenience, or alarm; such conduct was designated a misdemeanor. In 2000, the legislature, in Act No. 2000-113, Ala. Acts 2000, § 1, amended § 13A-11-11 to, among other things, designate the false report of a bomb or an explosive as a Class C felony.
 

 As noted, the Commentary to § 13A-11-11 states that “[t]he Criminal Code seeks to cover instances in which a false report is made to public officials not engaged in police or fire control activities, for instances, school administrators, airline officials, or managers of public buildings” and that “[t]he primary purpose of § 13A-11-11 is to protect the public against inconvenience or alarm, and not to protect against interference with governmental operations; this is the purpose of §§ 13A-10-8 and 13A-10-9.” The State contends, however, that no additional commentary was added to § 13A-11-11 when that statute was amended in 2000 to add the felony provision for the false reporting of a bomb.
 

 Additionally, the State asserts that § 13A-10-8, which addresses rendering a false alarm, and § 13A-10-9, which addresses false reporting to law-enforcement authorities, have not been amended to include additional language pertaining to the false reporting of a bomb and that only § 13A-11-11, as amended in 2000, specifically addresses the offense of the false reporting of a bomb. Finally, the State argues that the plain language of § 13A-11-11 does not specifically exclude any person or entity from prosecution if the report of a bomb was made to law enforcement engaged in police activity.
 

 This Court has never reviewed § 13A-11-11 in either its pre- or post-2000 amendment form, and the Court of Criminal Appeals has reviewed only the pre-2000 amendment version of the statute.
 
 See Avanrenren v. City of Huntsville,
 
 597 So.2d 239 (Ala.Crim.App.1992).
 

 In
 
 Avanrenren,
 
 the defendant, a custodian at Johnson High School in Huntsville, telephoned a private security company that had been hired by the Huntsville City School System and reported that several men armed with knives were dealing drugs in front of Johnson High School. When the security-company personnel arrived at the school, they found no one on the premises but the defendant. The defendant told the security-company personnel that he had telephoned them but that he actually wanted to report a stolen vacuum cleaner; that he “knew how to get results”; and that he was “tired of waiting two or three hours for the security company personnel to get to the school.” 597 So.2d at 240. The defendant later testified that his report that men armed with knives were
 
 *547
 
 dealing drugs in front of the school was true but that the armed men had left the premises before the security-company personnel arrived. The defendant was convicted of issuing a false report under § 13A-11-11; the trial court sentenced the defendant to 90 days in jail; the sentence was suspended, and he was ordered to serve 12 months on probation.
 

 The defendant appealed to the Court of Criminal Appeals, arguing that his conduct did not fall under the purview of § 13A-11-11. The Court of Criminal Appeals reversed the trial court’s judgment and rendered a judgment in the defendant’s favor, stating, in pertinent part:
 

 “[Section 13A-11-11, Ala.Code 1975,] clearly states, ‘under circumstances in which it is likely to cause ... public inconvenience or alarm.’ The commentary to the above statutes lends further support for appellant’s position. This section ‘seeks to cover instances in which a false report is made to public officials not engaged in police or fire control activities, for instances, school administrators, airline officials, or managers of public buildings. The primary purpose of § 13A-11-11 is
 
 to protect the public against inconvenience or alarm
 
 ....’ Commentary to § 13A-11-11. (Emphasis added). Because under the facts of this case there has been no violation of the statute, we will not address the issue of whether the statute is unconstitutional because of vagueness.
 

 “In the instant case, it is true that the security company proceeded immediately to the school to apprehend reported drug dealers. However, any report to them might result in them proceeding immediately to a location requiring their services. The question here is whether the public has been inconvenienced. The call that the appellant made to the security company did not lead to the evacuation of a vehicle or a building. This statute addresses situations such as where someone in a crowded theater yells ‘fire,’ or where someone pulls the fire alarm in an office building. Those are situations where the public at large has been inconvenienced. From the facts of this case, we cannot say that the public was inconvenienced as a result of the appellant’s conduct. We do not consider that this statute was intended to apply to facts such as those in this case.”
 

 Avanrenren,
 
 597 So.2d at 240-41 (footnote omitted).
 

 In the present case, the essence of the State’s argument is that the Court of Criminal Appeals erred by applying the plain language of the Commentary to § 13A-11-11, rather than the plain language of that statute, in reversing the trial court’s judgment as to Hiler’s conviction for falsely reporting an incident. We agree.
 

 “The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.
 
 If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
 

 IMED Corp. v. Systems Eng’g Assocs. Corp.,
 
 602 So.2d 344, 346 (Ala.1992) (citing
 
 Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County,
 
 589 So.2d 687 (Ala.1991) (emphasis added)).
 

 Simply put, the plain language of § 13A-11-11 is unambiguous; it provides no exception for persons who falsely report an incident to public officials who are en
 
 *548
 
 gaged in police or fire-control activities. Although the Commentary to § 13A-11-11 purports to create such an exception, the language of the Commentary does not override the plain language of the statute.
 
 See Sheffield v. State,
 
 708 So.2d 899, 900 n. 2 (Ala.Crim.App.1997) (“The commentary does not override the form and meaning of the statutory language, when viewed in light of established principles of statutory construction.” (quoting
 
 Hawkins v. State,
 
 549 So.2d 552, 560 (Ala.CrimApp.1989) (Bowen, J., concurring), citing in turn
 
 Sutherland Statutory Construction
 
 § 45.07));
 
 see also Ex parte Edwards,
 
 816 So.2d 98, 102 n. 3 (Ala.2001) (“Our consideration of the commentary ... is tempered by § l-l-14(b), Ala.Code 1975, which states that ‘[a]ll historical citations and notes set out in this Code are given for the purpose of convenient reference, and do not constitute part of the law.’ ”);
 
 Coleman v. State,
 
 565 So.2d 685, 687 (Ala.Crim.App. 1990) (“ ‘[A] commentary to a statute, while of some persuasive value, is not binding upon the courts.’ ” (quoting
 
 Herndon v. State,
 
 563 So.2d 1065, 1068 (Ala.1990))).
 

 Furthermore, as noted by the State, had the legislature intended to exclude from the purview of § 13A-11-11 instances in which a false report is made to public officials who are engaged in police or fire-control activities, it could have included express language to that effect in the statute. The legislature, however, did not do so, and this Court may not read into the statute language the legislature did not include.
 
 See City of Pinson v. Utilities Bd. of Oneonta,
 
 986 So.2d 367, 373 (Ala. 2007) (“ ‘It is not proper for a court to read into the statute something which the legislature did not include although it could have easily done so.’ ” (quoting
 
 Noonan v. East-West Beltline, Inc.,
 
 487 So.2d 237, 239 (Ala.1986)));
 
 Ware v. Timmons,
 
 954 So.2d 545, 556 (Ala.2006) (“[W]e presume ‘that the legislature does not intend to make any alteration in the law beyond what it explicitly declares.’ ” (quoting
 
 Duncan v. Rudulph,
 
 245 Ala. 175, 176, 16 So.2d 313, 314 (1944))).
 

 It is evident from a reading of the excerpt quoted above from
 
 Avanrenren
 
 that the Court of Criminal Appeals considered both the statute, § 13A-11-11, and the Commentary to that statute in reversing the trial court’s judgment in that case. In the present case, however, the Court of Criminal Appeals, for all that appears from its opinion, relied solely on the Commentary to § 13A-11-11 in reversing the trial court’s judgment as to Hiler’s conviction for falsely reporting an incident.
 
 See Hiler,
 
 44 So.3d at 540 (“Therefore, based on the plain language of the Commentary to § 13A-11-11, Ala.Code 1975, we conclude that the statute was not intended to apply to facts such as those in this case.”). Because the Court of Criminal Appeals applied the plain language of the Commentary to § 13A-11-11 rather than the plain language of the statute itself in reaching its decision, we conclude that the Court of Criminal Appeals erred in reversing the trial court’s judgment and rendering a judgment in favor of Hiler as to the conviction for falsely reporting an incident.
 
 See Sheffield, supra.
 

 Conclusion
 

 For
 
 the above-stated reasons, insofar as it reverses Hiler’s conviction for falsely reporting an incident and renders a judgment for Hiler, the judgment of the Court of Criminal Appeals is reversed, and the case is remanded for that court to address the arguments it did not address when it held that, based on the plain language of the Commentary to § 13A-11-11, Ala. Code 1975, the statute was not intended to apply to facts such as those in this case. 44 So.3d at 540 n. 2.
 

 
 *549
 
 REVERSED AND REMANDED WITH DIRECTIONS.
 

 COBB, C.J., and LYONS, WOODALL, STUART, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 [1]
 

 . Hiler was also convicted of menacing; the trial court sentenced him to six months in jail on the menacing conviction, the sentence to run concurrently with the six-year sentence for falsely reporting an incident. The Court of Criminal Appeals affirmed Hiler's conviction for menacing, and this Court denied Hil
 
 *545
 
 er’s petition for a writ of certiorari as to that conviction.
 

 [2]
 

 . The Alabama Legislature amended § 13A-11-11, Ala.Code 1975, effective August 1, 2009. Those amendments are not applicable here.