WELCH, Judge.
The State of Alabama appeals, pursuant to Rule 15.7, Ala. R.Crim. P., from a pretrial order dismissing an indictment against Andreas Smith. We reverse and remand.
The record indicates that on July 18, 2008, a Montgomery County grand jury returned a two-count indictment against Smith. In count I of the indictment Smith was charged with the attempted murder of Deputy United States Marshal J.C. Hamilton by shooting him with a gun, a violation of § 13A-6-2 and § 13A-4-2, Ala.Code 1975; in count II of the indictment Smith was charged with the attempted murder of Deputy United States Marshal I.D. Richardson by shooting him with a gun, in violation of § 13A-6-2 and § 13A-4-2, Ala. Code 1975. Affidavits filed by Deputy Marshals Hamilton and Richardson stated that they were members of the United States Marshal’s fugitive task force and that on July 20, 2007, Smith had fired shots from a handgun at them while they were arresting him on an outstanding robbery warrant. On July 21, 2007, two warrants for attempted murder were filed against Smith in Montgomery County.
On August 31, 2009, Smith filed a motion to dismiss the charges. He alleged that he had been acquitted by a jury in the United States District Court for the Middle District of Alabama of similar charges arising from the same incident. On September 2, 2009, the trial court held a hearing on the motion. At the hearing, the State acknowledged that Smith had been tried in federal court for violations of 18 U.S.C. §111. Smith argued that he had been indicted in federal court on August 15, 2007, for two bank robberies and for the assaults on the marshals. Smith further argued that he was tried in federal court and on April 2, 2008, the jury found Smith guilty of the bank robberies, but had found him not guilty on both counts of assault. The indictments in State court for attempted murder were then filed on July 18, 2008.
At the outset of the hearing, the trial court stated: “And this is nothing more than trying to bootstrap a case that was over in federal court that they weren’t competent enough or whatever happened to get a conviction. Okay?” (R. 2.) After the parties explained to the trial court the sequence of events that had occurred, and after the prosecutor discussed the difference in the federal charges and the attempted-murder charges filed in State court, the trial court stated, “Same offense, just different wording.” (R. 12.) The prosecutor argued that the dual-sovereignty doctrine permitted prosecution in both federal court and state court, and cited Clemons v. State, 720 So.2d 961 (Ala.Crim. App.1996). The trial court then stated:
“The point is, is whether or not this is trying to bootstrap an offense that hap *16 pened in federal court. You all sat around and waited. You had the indictments — had the charge in 2007. Until after the man was found not guilty, you didn’t take it to the grand jury to get the indictment.”
(R. 14-15.)
The trial court granted Smith’s motion and dismissed the indictment on September 3, 2009.
The State argues that the trial court erred when it dismissed the indictment charging Smith with two counts of attempted murder because, it says, the dual-sovereignty doctrine authorized the State to prosecute him for the attempted murders, even though he was prosecuted for and acquitted of federal charges based on the same incident. We review this argument de novo, because it presents a question of law. E.g., Hiler v. State, 44 So.3d 543 (Ala.2009).
The United States Supreme Court, in Heath v. Alabama, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985), considered the applicability of the dual-sovereignty doctrine to successive capital-murder prosecutions by two states. The Supreme Court held that under the dual-sovereignty doctrine, successive prosecutions by two states for the same conduct was not barred by the Double Jeopardy Clause of the Fifth Amendment:
“The dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the ‘peace and dignity’ of two sovereigns by breaking the laws of each, he has committed two distinct ‘offenses.’ United States v. Lanza, 260 U.S. 377, 382 (1922). As the Court explained in Moore v. Illinois, 14 How.[55 U.S.] 13, 19 (1852), ‘[a]n offence, in its legal signification, means the transgression of a law.’ Consequently, when the same act transgresses the laws of two sovereigns, ‘it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offenses, for each of which he is justly punishable.’ Id., at 20.
“In applying the dual sovereignty doctrine, then, the crucial determination is whether the two entities that seek successively to prosecute a defendant for the same course of conduct can be termed separate sovereigns. This determination turns on whether the two entities draw their authority to punish the offender from distinct sources of power. See, e.g., United States v. Wheeler, 435 U.S. 313, 320 (1978); Waller v. Florida, 397 U.S. 387, 393 (1970); Puerto Rico v. Shell Co., 302 U.S. 253, 264-265 (1937); Lanza, supra, 260 U.S., at 382; Grafton v. United States, 206 U.S. 333, 354-355 (1907). Thus, the Court has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State’s power to prosecute is derived from its own ‘inherent sovereignty, ’ not from the Federal Government. Wheeler, supra, at 320, n. 14. See Abbate v. United States, 359 U.S. 187, 193-194 (1959) (collecting cases); Lanza, supra. As stated in Lanza, supra, 260 U.S., at 382:
“ ‘[Ejach government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other.
“ ‘It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.’
“See also Bartkus v. Illinois, 359 U.S. 121 (1959); Westfall v. United States, 274 U.S. 256, 258 (1927) (Holmes, J.) *17 (the proposition that the State and Federal Governments may punish the same conduct ‘is too plain to need more than statement’).”
474 U.S. at 88-89 (emphasis added).
Thus, the United States Supreme Court has held that dual sovereignty permits a state government and the federal government to prosecute a defendant for the same conduct, because the laws of each sovereign were violated by the same transgression. Moreover, in Clemons v. State, 720 So.2d 961 (Ala.Crim.App.1996), this Court relied on Heath v. Alabama and held that Clemons’s prosecution for and conviction in federal court of murder of a law-enforcement officer in the line of duty did not preclude his prosecution in Alabama on a charge of capital murder.
Because the doctrine of dual sovereignty permits a separate prosecution by the State of Alabama for Smith’s alleged shooting at the federal marshals, the trial court erred when it dismissed the indictment against Smith. Therefore, the judgment of the trial court is reversed. The cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.