JOINER, Judge.
Curtis Maurice Sanders pleaded guilty to third-degree burglary. See § 13A-7-7(a), Ala.Code 1975. The circuit court sentenced Sanders to two years’ imprisonment but suspended that sentence and placed Sanders on probation. We reverse and render a judgment for Sanders.

Facts and Procedural History

On the morning of April 1, 2010, law-enforcement officers saw Sanders carrying metal and a screwdriver in an unoccupied house located at 8413 5th Avenue North in Birmingham. The officers arrested Sanders, and Sanders was ultimately indicted for one count of third-degree burglary. See § 13A-7-7(a), Ala.Code 1975.
Sanders filed a motion to dismiss the indictment in which he asserted that he could not be guilty of third-degree burglary because, he argued, the structure he had entered was not a “building” as that term is used in § 13A-7-7(a), Ala.Code 1975. Sanders presented evidence at a hearing on the motion to dismiss, and the State stipulated to the admission of that evidence. Following the hearing, the circuit court denied the motion to dismiss, and Sanders pleaded guilty to third-degree burglary,[1] reserving for appeal the denial of his motion to dismiss the indictment. See Ankrom v. State, [Ms. CR-09-1148, Aug. 26, 2011] — So.3d —,— (Ala. Crim.App.2011).

Standard of Review

“[This] case involves only an issue of law and the application of the law to undisputed facts. Therefore, our review is de novo. Ex parte Walker, 928 So.2d 259, 262 (Ala.2005).” Yearby v. State, 95 So.3d 20, 22 (Ala.Crim.App.2012).

Discussion

The evidence presented at the hearing on the motion to dismiss established that the Birmingham Airport Authority (“the Authority”) owned the structure Sanders entered. The Authority had acquired the structure as a part of a federally funded noise-abatement program that had begun in the late 1980s. Under the terms of that program, the Authority was given federal funds to purchase the structure along with several other structures located in the area. The Authority acquired those structures solely to demolish them and then redevelop the land on which they were located to buffer noise from the airport.
Lowrenzo Taylor, who had been employed by the Authority as an airport engineer for more than 20 years, testified at the hearing. Taylor described the process the Authority used in acquiring and demolishing structures in the noise-abatement program, including the particular structure at issue in this case. Taylor stated that once the Authority acquired a property for demolition, it would advertise for bids from contractors to demolish any structure on the property and remove any hazardous material such as asbestos. Once a contractor secured the winning bid, that contractor would be cleared to demolish the structure. Taylor testified that typically the demolition of a structure would be accomplished within 90-120 days of its acquisition by the Authority. According to *90 Taylor, once the contractor was cleared to demolish a structure, the contractor or his employees could take scrap materials from the structure because the structure was “essentially ... theirs at that point.” (R. 18.)
Taylor testified that once the property was acquired by the Authority, it could no longer be used for any purpose other than noise abatement, and it specifically could not be used as a residence. (R. 21.) Taylor testified that on the date of the offense the structure in which Sanders was arrested had been acquired by the Authority and was set for demolition by Britt Demolition, a contractor; specifically, Taylor identified the structure in a photograph taken on the date of the offense and identified the contractor’s symbol — “B/R”—marked on the structure, which Taylor testified meant that Britt Demolition had set the structure for demolition. Approximately four to six weeks after Sanders’s arrest, the structure was demolished and completely removed.
Section 13A-7-7(a), Ala.Code 1975, provides: “A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.” (Emphasis added.) Sanders contends that the circuit court erred in denying the motion to dismiss the indictment because, he says, the structure he entered was not a “building” as that term is used in § 13A-7-7(a), Ala.Code 1975.
In Ex parte McCormick, 932 So.2d 124, 132 (Ala.2005), the Alabama Supreme Court stated:
“In any case involving statutory construction, our inquiry begins with the language of the statute, and if the meaning of the statutory language is plain, our analysis ends there. Ex parte Moore, 880 So.2d 1131, 1140 (Ala.2003) (‘«¡rjijjg car(-iinai 0f statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute.’ ” ’) (quoting Ex parte Weaver, 871 So.2d 820, 823 (Ala.2003), quoting in turn Ex parte State Dep’t of Revenue, 683 So.2d 980, 983 (Ala.1996)). This Court in DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala.1998), explained:
“ ‘In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
“ ‘ “ ‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ” ’
“729 So.2d at 275-76 (quoting Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998), additional citations omitted). See also 729 So.2d at 276 (explaining that the separation-of-powers doctrine requires a court to use the plain-meaning rule in construing a statute and that ‘only if there is no rational way to interpret the words as stated will [a court] look beyond those words to determine legislative intent’).”
The legislature has provided the following definition of “building” as that term is used in § 13A-7-7(a), Ala.Code 1975:
“BUILDING. Any structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein, and such term includes any railroad box car or other rail equip *91 ment or trailer or tractor trailer or combination thereof. Where a building consists of two or more units separately occupied or secure, each shall be deemed both a separate building and a part of the main building.”
§ 13A-7-K2), Ala.Code 1975. Thus, whether the structure Sanders entered in this case is a “building” under § 13A-7-7(a) depends on whether it could have been “entered and utilized by persons for business, public use, lodging or the storage of goods.” § 13A-7-l(2), Ala.Code 1975.
The State argues on appeal that “there is no evidence in the record to suggest that the house in this case was abandoned.” (State’s brief, p. 10.) Thus, the State argues, there is no evidence indicating that the structure was unsuitable to “be entered and utilized by persons for business, public use, lodging or the storage of goods,” § 13A-7-K2), Ala.Code 1975. We disagree. The undisputed facts indicate that (1) the structure could not have been legally “utilized by persons for business, public use, lodging or the storage of goods” and (2) the owner of the structure in fact did not intend to use it for any of the purposes listed in the statute. As noted, the Authority’s only intention in acquiring the structure was to demolish it, and, under the terms of the federal program by which the structure was acquired, the Authority was not permitted to use the structure for any of the purposes specifically listed in § 13A-7-l(2), Ala.Code 1975. Thus, the structure here did not come within the plain meaning of “building” as the legislature defined that term in § 13A-7-1(2), Ala.Code 1975.
In addition, the Commentary to § 13A-7-1 supports our conclusion that the plain meaning of “building” in § 13A-7-1, Ala. Code 1975, does not include the structure in this case.[2] That Commentary states, in relevant part:
“‘Building’ includes a variety of structures in different contexts. The definition includes a building in its ordinary and usual sense — any structure which may be entered and used for business, public use, lodging or the storage of goods. It does not include a house that is still in the early stages of construction and which is not being lived in nor used for storage purposes, or an abandoned building awaiting demolition.”[3]
(Emphasis added.)

Conclusion

Because the undisputed facts demonstrate that the structure Sanders entered *92 was not a “building” under § 13A-7-l(2), Ala.Code 1975, the circuit court erred in denying Sanders’s motion to dismiss the indictment. Accordingly, we reverse the circuit court’s judgment and render a judgment in favor of Sanders as to the conviction for third-degree burglary.
REVERSED AND JUDGMENT RENDERED.
KELLUM and BURKE, JJ., concur.
WELCH, J., concurs in the result.
WINDOM, P.J., dissents.

. The transcript of Sanders's guilty-plea hearing indicates that the State agreed, as a part of the plea agreement, to nolle pros a charge of possession of burglar’s tools, see § 13A-7-8, Ala.Code 1975. (R. 52-53.)

. We cite the Commentary only to note that our holding is consistent with it. Thus, the instant case is distinguishable from Hiler v. State, 44 So.3d 543 (Ala.2009). In Hiler, the Alabama Supreme Court reversed a decision of this Court that held that the defendant’s conduct was excepted from the reach of the statute at issue there. Specifically, this Court had relied on the Commentary to create an exception to the statute at issue in Hiler. The Supreme Court reversed this Court’s judgment because, the Court held, this Court had construed the Commentary to the statute rather than the statute itself. 44 So.3d at 548 ("Because the Court of Criminal Appeals applied the plain language of the Commentary to § 13A-11-1I rather than the plain language of the statute itself in reaching its decision, we conclude that the Court of Criminal Appeals erred in reversing the trial court’s judgment and rendering a judgment in favor of Hiler as to the conviction for falsely reporting an incident.”).

. We note that the legislature has provided substantially the same definition of "building” in two other criminal statutory provisions: § 13A-3-20(l), Ala.Code 1975 (applicable to justification and excuse), and § 13A-7-40(l), Ala.Code 1975 (applicable to arson offenses). Like the Commentary to § 13A-7-l(2), the Commentary to § 13A-3-20(l), Ala.Code 1975, includes the same language stating that the definition does not include "an abandoned building awaiting demolition.” The Commentary to § 13A-7-40(l) — the definition *92 of "building” applicable to the article prohibiting arson' — does not include the language regarding "an abandoned building awaiting demolition.”