WISE, Justice
(concurring specially).
I concur with the majority’s conclusion that Luther Stancel Pate’s action of getting a shotgun from his vehicle, without more, did not constitute a “physical action” *739 that would support a conviction for menacing. In footnote 6 of his dissent, Justice Murdock points out that in Hiler v. State, 44 So.3d 535 (Ala.Crim.App.), rev’d on other grounds, 44 So.3d 543 (Ala.2009), a case I authored while serving as the presiding judge on the Alabama Court of Criminal Appeals, the Court of Criminal Appeals found “that there was sufficient evidence to sustain a charge of menacing in light of the context in which the defendant’s physical actions occurred; part of the context considered relevant by the Court of Criminal Appeals was the defendant’s oral representation that the device was a bomb.” 145 So.3d at 742 n. 6. I write simply to explain why I believe Hiler is factually distinguishable from the present case.
In Hiler, Hiler had been staying at the residence of his ex-wife, Michelle Noble, and her then husband, Greg Noble. The evidence indicated that, on the day of the incident, Hiler and Michelle had argued and that law-enforcement officers had been called to the residence. Deputy Mike Hill of the Franklin County Sheriffs Department testified that he went to the Noble residence; that, when he arrived, Hiler was sitting on a chair at an outbuilding that was approximately 100 meters from the house; that he went to the residence and talked to the Nobles; and that Michelle told Deputy Hill that Hiler had been under the influence of some type of drug that morning and that she wanted Hiler removed from the residence.
Deputy Hill then went back to his patrol vehicle and drove to the outbuilding. When he pulled up, Hiler went inside the outbuilding and later came back out with a device. Hiler then held up the device and showed it to Deputy Hill. Deputy Hill testified that, based on his training, it appeared to him that Hiler was holding some type of explosive device. Also, when he asked Hiler what the device was, Hiler told him it was a bomb. After Deputy Hill left and went back to the residence to telephone his supervisor and dispatch, Hiler began walking toward the Nobles’ residence with the explosive device in his hand. Hiler initially refused to stop when Deputy Hill ordered him to do so, but he then went back to the outbuilding after Deputy Hill drew and pointed his weapon at Hiler.
After other officers arrived at the scene, they attempted to talk to Hiler. At one point, Hiler came out of the outbuilding with the device attached to his waist. He also indicated that he had a mercury switch on the device. Subsequently, Hiler agreed to put the device down after another officer, Jerry Holcomb, agreed to put his gun in his vehicle. After Hiler laid the device down, Officer Holcomb attempted to use a stun gun on Hiler but was not able to do so, and Hiler ran toward the device.
On appeal, Hiler argued that the trial court should have granted his motion for a judgment of acquittal on the menacing charge because, he argued, he did not make any threats of bodily harm or take any physical action toward Deputy Hill, who was the alleged victim of the offense. In addressing this argument, the Court of Criminal Appeals stated:
“Based on the evidence presented, the jury could have reasonably concluded that Hiler took physical action when he showed the device to Hill and told him it was a bomb and when he ran toward the device after Holcomb unsuccessfully attempted to use a stun gun on him. See Oliver v. City of Opelika, 950 So.2d 1229 (Ala.Crim.App.2006) (holding that there was sufficient evidence of physical action where the defendant pointed a gun at an officer).”
44 So.3d at 542.
The present case does not involve a situation where law-enforcement officers *740 were present based on a homeowner’s request to remove Pate from their property. Rather, in this case, Pate was on his own property. Additionally, there was evidence indicating that the employees of the Santa Fe restaurant were trespassers on Pate’s property and that they were removing equipment owned by Pate from the property, even though the time for Santa Fe to vacate the premises had passed. Further, there was evidence indicating that Walter Bryan Hart and the other Santa Fe employees had initially agreed to leave the premises at the request of law-enforcement officers but that Hart later reentered the premises. Pate did not actually retrieve the shotgun from his vehicle until after he came back to the front of the building and saw Hart inside the premises again. Pate then went to his vehicle, retrieved the shotgun, and walked toward Hart’s vehicle. This is vastly different from the physical actions involved in Hiler. Here, it appears that the trial court based its decision solely on the fact that Pate obtained a weapon. However, in Hiler, it was the combination of Hiler’s showing the device to Deputy Hill, telling him it was a bomb, strapping the device to his waist, indicating the device had a mercury switch, and then running toward the device, which he had laid down, after the officer unsuccessfully tried to subdue him with a stun gun, that constituted the physical action in Hiler. Thus, I believe that this case is factually distinguishable from Hiler.