WISE, Justice.
The State of Alabama petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals’ decision reversing Curtis Maurice Sanders’s conviction for third-degree burglary, see § 13A-7-7(a), Ala.Code 1975, that was entered pursuant to a guilty plea. Sanders v. State,, 145 So.3d 88 (Ala.Crim.App.2012). We granted certiorari review to consider, as an issue of first impression, whether an unoccupied house that is scheduled for demolition constitutes a “building” as that term is defined in § 13A-7-l(2), Ala.Code 1975, for purposes of § 13A-7-7(a), Ala. Code 1975. For the reasons set forth below, we reverse and remand.

Facts and Procedural History

On the morning of April 1, 2010, law-enforcement officers found Sanders taking items from a house located at 8413 5th Avenue North in Birmingham. The Birmingham Airport Authority (“the Authority”) had acquired the house as a part of a federally funded noise-abatement program. Under the terms of that program, the Authority was given federal funds to purchase the house, demolish it, and then redevelop the land on which it was located to buffer noise from the airport.
Sanders was indicted for third-degree burglary under § 13A-7-7(a), which provides:
“A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.”
(Emphasis added.) Section 13A-7-l(2) defines a “building” as
“[a]ny structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein, and such term includes any railroad box car or other rail equipment or trailer or tractor trailer or combination thereof. Where a building consists of two or more units separately occupied or secure, each shall be deemed both a separate building and a part of the main building.”
Sanders filed a pretrial motion to dismiss the indictment, arguing that, as a matter of law, the State could not prove a key element of the offense because, he argued, the structure he had entered was not a “building” as that term is defined in § 13A-7-K2).
The trial court conducted a hearing on the motion to dismiss. During that hearing, Lowrenzo Taylor, who had been employed by the Authority for more than 20 years, testified that, once the Authority acquired a property for demolition, it would advertise for bids from contractors to remove any hazardous material, such as asbestos, from the structure; to demolish the structure; and to clear the land. The contractor who submitted the winning bid *94 would be cleared to demolish the structure, usually within 90-120 days after its acquisition by the Authority. Taylor also testified that, once the contractor was cleared to demolish a structure, the contractor or his employees could take scrap materials from the structure because the structure was “essentially ... theirs at that point.” He further testified that, after the property was acquired by the Authority, it could no longer be used for “any ... normal purposes, like a residence.”
Taylor testified that, on the date of the offense, the structure in which Sanders was arrested was set for demolition by Britt Demolition, a contractor. Finally, he testified that he did not know whether anyone, including the demolition company, had stored any property of value inside the structure.
The trial court denied the motion to dismiss the indictment against Sanders. Pursuant to a negotiated agreement, Sanders entered a plea of guilty to third-degree burglary. The trial court sentenced him, as a habitual offender, to two years in prison, but suspended the sentence and placed him on probation. See § 13A-5-9(a)(1), Ala.Code 1975. When he entered his guilty plea, Sanders reserved the right to appeal the denial of his motion to dismiss the indictment against him.
Sanders appealed to the Court of Criminal Appeals, arguing that the State could not establish all the elements of third-degree burglary because, he alleged, the house, which was scheduled for demolition, was not a “building” as that term is used in § 13A-7-7(a). The Court of Criminal Appeals agreed with Sanders, reasoning as follows:
“The State argues on appeal that ‘there is no evidence in the record to suggest that the house in this case was abandoned.’ (State’s brief, p. 10.) Thus, the State argues, there is no evidence indicating that the structure was unsuitable to ‘be entered and utilized by persons for business, public use, lodging or the storage of goods,’ § 13A-7-l(2), Ala.Code 1975. We disagree. The undisputed facts indicate that (1) the structure could not have been legally ‘utilized by persons for business, public use, lodging or the storage of goods’ and (2) the owner of the structure in fact did not intend to use it for any of the purposes listed in the statute. As noted, the Authority’s only intention in acquiring the structure was to demolish it, and, under the terms of the federal program by which the structure was acquired, the Authority was not permitted to use the structure for any of the purposes specifically listed in § 13A-7-l(2), Ala.Code 1975. Thus, the structure here did not come within the plain meaning of ‘building’ as the legislature defined that term in § 13A-7-K2), Ala.Code 1975.
“In addition, the Commentary to § 13A-7-1 supports our conclusion that the plain meaning of ‘building’ in § 13A-7-1, Ala.Code 1975, does not include the structure in this case.2 That Commentary states, in relevant part:
“ ‘ “Building” includes a variety of structures in different contexts. The definition includes a building in its ordinary and usual sense — any structure which may be entered and used for business, public use, lodging or the storage of goods. It does not include a house that is still in the early stages of construction and which is not being lived in nor used for storage purposes, or an abandoned building awaiting demolition.’3
“(Emphasis added.)

“Conclusion

“Because the undisputed facts demonstrate that the structure Sanders en *95 tered was not a ‘building’ under § 13A-7-1(2), Ala.Code 1975, the circuit court erred in denying Sanders’s motion to dismiss the indictment. Accordingly, we reverse the circuit court’s judgment and render a judgment in favor of Sanders as to the conviction for third-degree burglary.
[[Image here]]
‘<2We cite the Commentary only to note that our holding is consistent with it. Thus, the instant case is distinguishable from Hiler v. State, 44 So.Bd 543 (Ala.2009). In Hiler, the Alabama Supreme Court reversed a decision of this Court that held that the defendant’s conduct was excepted from the reach of the statute at issue there. Specifically, this Court had relied on the Commentary to create an exception to the statute at issue in Hiler. The Supreme Court reversed this Court’s judgment because, the Court held, this Court had construed the Commentary to the statute rather than the statute itself. 44 So.3d at 548 (‘Because the Court of Criminal Appeals applied the plain language of the Commentary to § 13A-11-11 rather than the plain language of the statute itself in reaching its decision, we conclude that the Court of Criminal Appeals erred in reversing the trial court’s judgment and rendering a judgment in favor of Hiler as to the conviction for falsely reporting an incident.’).
“3We note that the legislature has provided substantially the same definition of ‘building’ in two other criminal statutory provisions: § 13A-3-20(l), Ala.Code 1975 (applicable to justification and excuse), and § 13A-7-40(l), Ala. Code 1975 (applicable to arson offenses). Like the Commentary to § 13A-7-l(2), the Commentary to § 13A-3-20(l), Ala. Code 1975, includes the same language stating that the definition does not include ‘an abandoned building awaiting demolition.’ The Commentary to § 13A-7-40(l) — the definition of ‘building’ applicable to the article prohibiting arson — does not include the language regarding ‘an abandoned building awaiting demolition.’ ”
Sanders, 145 So.3d at 91-92.

Standard of Review

“““This Court reviews pure questions of law in criminal cases de novo.’ ” ’ Ex parte Brown, 11 So.3d 933, 935 (Ala. 2008) (quoting Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004), quoting in turn Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).”
Hiler v. State, 44 So.3d 543, 546 (Ala.2009).

Discussion

The State argues that the Court of Criminal Appeals erred when it found that the house Sanders entered did not constitute a “building” as that term is defined in § 13A-7-l(2). In reviewing this case, we are guided by the following principles of statutory construction:
‘“In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature.’ DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275 (Ala.1998).
““‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” ’
“Blue Cross and Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 296 *96 (Ala.1998) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)).”
City of Prattville v. Corley, 892 So.2d 845, 848 (Ala.2003).
The State argues that the Court of Criminal Appeals looked beyond the plain language of § 13A-7-l(2) and determined that the house was not a “building” because it was scheduled to be demolished and because it was subject to restricted use under the noise-abatement contract. The State then asserts:
“The statute does not expressly or implicitly exclude structures awaiting demolition or require courts to examine the owner’s intent and legal obligations before determining whether it qualifies as a building. The lower court’s consideration of either fact falls outside the natural, plain, ordinary, and commonly understood meaning of the words used in this statute.
“Likewise, the statute does not require that the structure actually be used for one of the purposes listed. Rather, it requires only that the structure ‘may’ be used for one of the listed purposes. In this case, because the unoccupied house could have been used by the demolition company for business purposes or the storage of goods, the house fell within the plain language of the statute. Once Britt Demolition contracted to demolish the house, the house became part and parcel of the demolition company’s business.... The company retained the right to remove any property from within the house including the scrap metal Sanders stole.”
(Petition, at pp. 3-4.) The State also argues that, as in Hiler v. State, 44 So.3d 543 (Ala.2009), which the Court of Criminal Appeals relied upon and attempted to distinguish, the Commentary to § 13A-7-1 cannot override the plain language of § 13A-7-l(2). We agree with the State.
The Court of Criminal Appeals acknowledged the following language from Ex parte McCormick, 932 So.2d 124, 132 (Ala.2005):
“ ‘In any case involving statutory construction, our inquiry begins with the language of the statute, and if the meaning of the statutory language is plain, our analysis ends there.’ ”
145 So.3d at 90. However, in its analysis, the Court of Criminal Appeals construed the definition of “building” in light of the terms of the demolition contract and permissible and intended uses for the house in this case rather than in light of the ordinary possible uses for a house. In so doing, it went beyond the plain language used in § 13A-7-l(2) and construed the statute in light of the facts of this case and the Commentary to § 13A-7-1.
Section 13A-7-l(2) defines a “building” as “[a]ny structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods.... ” Black’s Law Dictionary 1552 (9th ed. 2009) defines a “structure” as “[a]ny construction, production, or piece of work artificially built up or composed of parts purposefully joined together.” Obviously, a house is a “construction ... built up or composed of parts purposefully joined together” that may be “entered and utilized by persons for business, public use, lodging or the storage of goods.” Thus, by its plain language, § 13A-7-l(2) would include a house in the definition of “building.”
We note, as did the Court of Criminal Appeals, that the Commentary to § 13A-7-1 states that the definition of “building” does not include “an abandoned building awaiting demolition.” However, in Hiler v. State, supra, this Court stated the following regarding the Commentary *97 to a statute when the language of the statute is plain and unambiguous:
“In the present case, the essence of the State’s argument is that the Court of Criminal Appeals erred by applying the plain language of the Commentary to § 13A-11-11, rather than the plain language of that statute, in reversing the trial court’s judgment as to Hiler’s conviction for falsely reporting an incident. We agree.
[[Image here]]
“Simply put, the plain language of § 13A-11-11 is unambiguous; it provides no exception for persons who falsely report an incident to public officials who are engaged in police or fire-control activities. Although the Commentary to § 13A-11-11 purports to create such an exception, the language of the Commentary does not override the plain language of the statute. See Sheffield v. State, 708 So.2d 899, 900 n. 2 (Ala.Crim.App.1997) (‘The commentary does not override the form and meaning of the statutory language, when viewed in light of established principles of statutory construction.’ (quoting Hawkins v. State, 549 So.2d 552, 560 (Ala.Crim.App.1989) (Bowen, J., concurring), citing in turn Sutherland Statutory Construction § 45.07)); see also Ex parte Edwards, 816 So.2d 98, 102 n. 3 (Ala.2001) (‘Our consideration of the commentary ... is tempered by § 1 — 1—14(b), Ala.Code 1975, which states that “[a]ll historical citations and notes set out in this Code are given for the purpose of convenient reference, and do not constitute part of the law.” ’); Coleman v. State, 565 So.2d 685, 687 (Ala.Crim.App.1990) (“‘[A] commentary to a statute, while of some persuasive value, is not binding upon the courts.” ’ (quoting Herndon v. State, 563 So.2d 1065,1068 (Ala.1990))).
“Furthermore, as noted by the State, had the legislature intended to exclude from the purview of § 13A-11-11 instances in which a false report is made to public officials who are engaged in police or fire-control activities, it could have included express language to that effect in the statute. The legislature, however, did not do so, and this Court may not read into the statute language the legislature did not include. See City of Pinson v. Utilities Bd. of Oneonta, 986 So.2d 367, 373 (Ala.2007) (‘ “It is not proper for a court to read into the statute something which the legislature did not include although it could have easily done so.” ’ (quoting Noonan v. East-West Beltline, Inc., 487 So.2d 237, 239 (Ala.1986))); Ware v. Timmons, 954 So.2d 545, 556 (Ala.2006) (‘[W]e presume “that the legislature does not intend to make any alteration in the law beyond what it explicitly declares.”’ (quoting Duncan v. Rudulph, 245 Ala. 175, 176, 16 So.2d 313, 314 (1944))).”
44 So.3d at 547-48.
Similarly, the plain language of § 13A-7-1(2) is unambiguous and does not include an exception for an abandoned building awaiting demolition. As in Hiler, although the Commentary to § 13A-7-1 purports to create such an exception, the language of the Commentary does not override the plain language of the statute. See Hiler, supra, and the cases cited therein. If the legislature had intended to exclude an abandoned building awaiting demolition from the purview of the statute, it could have included express language to that effect in the statute. However, it did not do so, and this Court will not read such language into the statute. See Hiler.
Based on the plain language of § 13A-7-1(2), the house from which Sanders was taking items did constitute a “building” for *98 purposes of §§ 13A-7-l(2) and 13A-7-7(a), Ala.Code 1975. Therefore, the Court of Criminal Appeals erred when it reversed Sanders’s conviction for third-degree burglary and rendered a judgment in his favor. Accordingly, we reverse the Court of Criminal Appeals’ judgment and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.*
STUART, BOLIN, PARKER, MURDOCK, SHAW, MAIN, and BRYAN, JJ., concur.
MOORE, C.J., dissents.

 Note from the reporter of decisions: On December 13, 2013, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion.